IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNIONBANCAL CORPORATION & SUBSIDIARIES, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-587 T |
| | ) | Judge Loren A. Smith |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

ANSWER

Defendant, the United States of America, for its Answer to Plaintiff's Complaint, admits, denies, and alleges as follows, and respectfully denies each and every allegation contained in the Complaint that is not expressly admitted below. Defendant also objects to Plaintiff's numerous allegations describing the tax shelter transactions at issue and Plaintiff's various arguments in its thirty-two page Complaint that are not the "short and plain statement of the claim," that is required by RCFC 8(a)(2), and constitute an unreasonable and unnecessary burden on Defendant and this Court. Defendant further:

1. Admits the allegations in paragraph 1 of the Complaint.

2. Admits the allegations in paragraph 2 of the Complaint.

3. Admits that, to the extent jurisdiction exists, it is conveyed by 28 U.S.C. § 1491.

4. Admits the allegations in paragraph 4 of the Complaint.

5. Denies the allegations in paragraph 5 of the Complaint, and avers that the name reflected on the returns is not as stated and the address reflected on the returns for taxable years 1999, 2000, 2001 and 2002 is not as stated.

6. Admits that the hydroelectric facilities that are the subject of one of Plaintiff's shelter transactions (the "Hydroelectric Facilities") are located in Switzerland, and during taxable year 1998 were owned by Misoxer Kraftwerke AG ("Misoxer"), and otherwise denies the allegations contained in paragraph 6 of the Complaint.

7. Admits that the sports and entertainment facility that is the subject of one of Plaintiff's shelter transactions was formerly referred to as the "Arrowhead Pond of Anaheim" (the "Pond"), is located in Anaheim, California, and is owned by the City of Anaheim, California ("Anaheim"), and otherwise denies the allegations contained in paragraph 7 of the Complaint.

8. Admits that Plaintiff reported amounts on its 1998 through 2002 tax returns purporting to be rental expense and deducted amounts on those returns purporting to be rental expense, amortization of transaction expenses, and interest expenses, and otherwise denies the characterization of these amounts.

9. Admits that Plaintiff reported amounts on its 1999 through 2002 tax returns purporting to be rental expense and deducted amounts on those returns purporting to be rental expense, amortization of transaction

expenses, and interest expenses, and otherwise denies the characterization of these amounts.

10. Admits that the IRS conducted an audit of the Plaintiff's 1998 through 2002 consolidated income tax returns and that the IRS disallowed the Plaintiff's tax treatment of the tax shelter transactions, avers that the IRS regularly audits the income tax returns of Plaintiff and other large corporations, and otherwise denies the allegations in paragraph 10 of the Complaint.

11. Admits that on or about May 7, 2003, the IRS issued Notices of Proposed Adjustments to Plaintiff, proposing additional federal income of $9,434,080 for taxable year 1998, $63,166,481 for taxable year 1999, and $65,661,544 for taxable year 2000 with respect to the Misoxer and Pond shelter transactions, and otherwise denies the characterization of these transactions.

12. Admits that on or about July 30, 2004, the IRS issued Notices of Proposed Adjustments to Plaintiff, proposing additional federal income of $65,556,477 for taxable year 2001 and $55,743,866 for taxable year 2002 with respect to the Misoxer and Pond shelter transactions, and otherwise denies the characterization of these transactions.

13. Denies the allegations in paragraph 13 of the Complaint, and avers that on or about November 3, 2005 the IRS sent audit statements to Plaintiff for the tax years 1998 through 2002 setting forth deficiencies in the amount of $2,965,331 for tax year 1998, $19,200,319 for tax year 1999,

$22,793,179 for tax year 2000, $24,428,897 for tax year 2001, and $11,131,710 for tax year 2002.

14. Admits that in two installments, on or about July 2, 2003 and December 5, 2005, Plaintiff made payments to the IRS for tax deficiencies in the amounts set forth for taxable years 1999 through 2002, except denies Plaintiff's characterization of the shelter transactions and the amount of the payment made by plaintiff for taxable year 1998, and avers that the payment for taxable year 1998 made by Plaintiff was in the amount of $2,965,331.

15. Admits the allegations in paragraph 15 of the Complaint except avers that Plaintiff filed a Form 1120X for each of the taxable years 1998 through 2002, and denies that Plaintiff is entitled to a refund or that the taxes that are the subject of each respective Form 1120X were erroneously paid.

16. Admits the allegations in paragraph 16 of the Complaint, except denies the characterization of the shelter transactions, denies that the tax deficiencies were proposed, and denies that Plaintiff is entitled to a refund.

17. Admits the allegations in paragraph 17 of the Complaint, except denies that Plaintiff overpaid its taxes for the respective years and denies that Plaintiff is entitled to a refund, plus interest and costs.

18. Admits the allegations in paragraph 18 of the Complaint.

19. Admits the allegations in paragraph 19 of the Complaint.

20. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. The first sentence of paragraph 23 constitutes legal argument to which no response is necessary. Avers that the pertinent statutes and regulations should be referred to for a full expression of their terms, and further avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 23 of the Complaint.

24. Admits that BCC was organized in 1969, and avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint.

25. Avers that BCC entered into two abusive tax shelter transactions, one involving the Hydroelectric Facilities, owned by Misoxer, and one involving the Pond, owned by Anaheim, denies that the principle purpose of entering into these abusive tax shelters was making a pre-tax profit or that BCC expected significant pre-tax profit from each tax

shelter, and avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint.

26. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Denies Plaintiff's characterization of the tax shelter transaction, and avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint.

28. Avers that BCC entered into an abusive tax shelter transaction involving the Hydroelectric Facilities, admits that the Hydroelectric Facilities are located in Switzerland, and that the Hydroelectric facilities were owned by Misoxer during taxable year 1998, and avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint.

29. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, except admits that BTM Funding Corporation and Manufacturers Life Insurance Company (U.S.A.) are participants in Plaintiff's abusive tax shelter transaction and that the trust identified in paragraph 29 of the Complaint filed Federal partnership income tax returns.

30. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Avers that BCC retained consultants in furtherance of an abusive tax shelter scheme, and otherwise denies the allegations in paragraph 31 of the Complaint.

32. Avers that BCC retained Duke Engineering & Services in furtherance of an abusive tax shelter scheme, and avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32 of the Complaint.

33. Avers that Duke Engineering & Services prepared a report dated September 1998 containing certain conclusions regarding the abusive tax shelter scheme, avers that the report should be referred to for a full expression of its terms, and avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 33 of the Complaint.

34. Avers that the report issued by Duke Engineering & Services states that "as the total useful life of the Misoxer Power Station Group is potentially 100 years, and with nearly 40 years of life already expended, then we can reasonably expect that the remaining useful life of the Facility, assuming continued excellence in operation, maintenance and renewal, is in the order of 60 years," and avers that Defendant is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint.

35. Avers that BCC retained BABU Gmhb, Buro fur Altasten Boden und Umwelt b.v. ("BABU") in furtherance of an abusive tax shelter scheme, and avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint.

36. Avers that BABU prepared a report, avers that the report should be referred to for a full expression of its terms, and further avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint.

37. Avers that BCC retained Deloitte & Touche LLP in furtherance of an abusive tax shelter scheme, and that Deloitte & Touche issued a report dated September 11, 1998; avers that such report should be referred to for a full expression of its terms; and further avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of the Complaint.

38. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39. Admits that the September 11, 1998 report issued by Deloitte & Touche states "we estimate the remaining useful life of the Facility on the Closing Date to be at least 60 years," and otherwise denies the allegations in paragraph 39 of the Complaint.

40-41. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 40 and 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Admits that BCC participated in an abusive tax shelter scheme via a trust, denies Plaintiff's characterization of the tax shelter transaction, and avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint. Although the pertinent documents were executed by Wilmington Trust Company as trustee for the trust referred to in paragraph 43 of the Complaint, in responding to the allegations of the Complaint, for simplicity and only for the purposes of this answer, and without waiving any defenses to the claims of Plaintiff, the United States will use BCC and Wilmington Trust Company interchangeably.

44. Admits that BCC purported to execute a "lease" with Misoxer regarding the Hydroelectric Facilities for approximately 48 years and that BCC purportedly "subleased" its purported interest in the facility back to Misoxer for approximately 19.31 years, and avers that Defendant is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 of the Complaint.

45. Admits that according to the terms of the purported "lease" the allegations contained in paragraph 45 of the Complaint are accurate.

46. Avers that Defendant is without knowledge or information as to the true source of the funds for the initial rent "payment" under the Headlease or that any payment actually occurred; admits that BCC purported to "borrow" funds; and avers that Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 46 of the Complaint, including, but not limited to, whether BCC borrowed funds and whether BCC incurred transaction costs as alleged.

47. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 47, and states that the remaining allegations in paragraph 47 of the Complaint constitute legal argument to which no response is necessary.

48. Denies the allegations in the first sentence of paragraph 48 of the Complaint, avers that the Deloitte & Touche report should be referred to for a full expression of its terms, and states that the second sentence of paragraph 48 constitutes legal argument to which no response is necessary.

49. Denies the allegations in paragraph 49 of the Complaint, and avers that the purported Sublease should be referred to for a full expression of its terms.

50. Denies the allegations in paragraph 50 of the Complaint, and avers that the purported Sublease should be referred to for a full expression of its terms.

51. Denies the allegations in paragraph 51 of the Complaint, and avers that the documents identified should be referred to for a full expression of their terms.

52. Denies the allegations in paragraph 52 of the Complaint, and avers that the documents referenced should be referred to for a full expression of their terms.

53. Denies the allegations in paragraph 53 of the Complaint, and avers that the Deloitte & Touche report should be referred to for a full expression of its terms.

54. Denies the allegations in paragraph 54 of the Complaint, and avers that the Deloitte & Touche report should be referred to for a full expression of its terms.

55. Denies the allegations in paragraph 55 of the Complaint.

56. Denies the allegations in paragraph 56 of the Complaint.

57. Denies the allegations in paragraph 57 of the Complaint.

58. Denies the allegations in paragraph 58 of the Complaint.

59. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint.

60. Avers that BCC entered into an abusive tax shelter transaction involving the Pond, admits that the Pond is a sports and entertainment facility located in Anaheim, California that hosts games of the Anaheim Ducks, formerly known as the Mighty Ducks of Anaheim, a National Hockey League team, as well as other sports and entertainment events, denies the allegations in the first sentence of paragraph 60 of the Complaint, and avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 of the Complaint.

61. Denies the Plaintiff's characterization of the tax shelter transaction, and avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint.

62. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint.

63. Avers that BCC retained Deloitte & Touche in furtherance of an abusive tax shelter scheme, and otherwise denies the allegations in paragraph 63 of the Complaint.

64. Avers that BCC retained Deloitte & Touche in furtherance of an abusive tax shelter scheme, and that Deloitte & Touche issued a report dated January 26, 1999; avers that such report should be referred to for a full expression of its terms; and further avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 of the Complaint.

65. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint.

66. Denies the allegations in paragraph 66 of the Complaint, and avers that the report issued by Deloitte & Touche should be referred to for a full expression of its terms.

67. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint.

68. Denies the allegations in paragraph 68 of the Complaint.

69. Avers that BCC participated in an abusive tax shelter scheme via a trust, denies Plaintiff's characterization of the tax shelter transaction, and avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 69 of the Complaint. Although many of the pertinent documents were executed by State Street Bank and Trust Company of California, National Association, as trustee for the trust referred to in paragraph 69

of the Complaint, in responding to the allegations of the Complaint, for simplicity and only for the purposes of this answer, and without waiving any defenses to the claims of Plaintiff, the United States will use BCC and State Street Bank and Trust Company interchangeably.

70. Avers that BCC purported to execute a “lease” with Anaheim regarding the Pond for approximately 39.18 years and that BCC purportedly “subleased” the Pond back to Anaheim for approximately 19.93 years, and avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 70 of the Complaint.

71. Admits that according to the terms of the purported “lease” the allegations contained in the first and second sentences of paragraph 71 of the Complaint are accurate, and avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 of the Complaint.

72. Avers that Defendant is without knowledge or information sufficient to form a belief as to the true source of the funds for the initial rent “payment” under the Headlease or that any payment actually occurred; admits that BCC purported to “borrow” funds; and avers that Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 72 of the Complaint, including, but not limited to, whether BCC borrowed funds and whether BCC incurred transaction costs as alleged.

73. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of paragraph 73 of the Complaint, and states that the third sentence of paragraph 73 constitutes legal argument to which no response is necessary.

74. Denies the allegations in paragraph 74 of the Complaint, and avers that the Deloitte & Touche report should be referred to for a full expression of its terms.

75. Denies the allegations in paragraph 75 of the Complaint, and avers that the purported Sublease should be referred to for a full expression of its terms.

76. Denies the allegations in paragraph 76 of the Complaint, and avers that the purported Sublease should be referred to for a full expression of its terms.

77. Denies the allegations in paragraph 77 of the Complaint, and avers that the documents identified should be referred to for a full expression of their terms.

78. Denies the allegations in paragraph 78 of the Complaint, and avers that the documents referenced should be referred to for a full expression of their terms.

79. Denies the allegations in paragraph 79 of the Complaint, and avers that the Deloitte & Touche report should be referred to for a full expression of its terms.

80. Denies the allegations in paragraph 80 of the Complaint, and avers that the Deloitte & Touche report should be referred to for a full expression of its terms.

81. Denies the allegations in paragraph 81 of the Complaint.

82. Denies the allegations in paragraph 82 of the Complaint.

83. Admits that Ogden Corporation changed its name to Covanta Energy Corporation ("Covanta") and that Covanta entered into bankruptcy, and avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 of the Complaint.

84. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Complaint.

85. Denies the allegations in paragraph 85 of the Complaint.

86. Denies the allegations in paragraph 86 of the Complaint.

87. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint.

88. Incorporates its responses to paragraphs 1 through 87, *supra*, as if each were separately set forth herein.

89. Admits the allegations in paragraph 89 of the Complaint, and otherwise denies any applicability to this lawsuit.

90. States that paragraph 90 of the Complaint constitutes legal argument to which no response is necessary.

91. Denies the allegations in paragraph 91 of the Complaint.

92. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint.

93. Avers that Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint, except states that the last sentence of paragraph 93 constitutes legal argument to which no response is necessary.

94. Denies the allegations in paragraph 94 of the Complaint.

95. States that paragraph 95 of the Complaint constitutes legal argument to which no response is necessary.

96. Denies the allegations in paragraph 96 of the Complaint.

97. Denies the allegations in paragraph 97 of the Complaint.

98. States that paragraph 98 of the Complaint constitutes legal argument to which no response is necessary.

99. Denies the allegations in paragraph 99 of the Complaint.

100. Denies the allegations in paragraph 100 of the Complaint.

101. Admits that the purported lease states that BCC is to make “rent payments,” and otherwise denies the allegations in paragraph 101 of the Complaint.

102. Admits that the purported lease states that Misoxer is to make "rent payments" to BCC, and otherwise denies the allegations in paragraph 102 of the Complaint.

103. Denies the allegations in paragraph 103 of the Complaint.

104. Denies the allegations in paragraph 104 of the Complaint.

105. Denies the allegations in paragraph 105 of the Complaint.

106. Admits that the purported lease states that BCC is to make "rent payments," and otherwise denies the allegations in paragraph 106 of the Complaint.

107. Admits that the purported lease states that Anaheim is to make "rent payments" to BCC, and otherwise denies the allegations in paragraph 107 of the Complaint.

108. Denies the allegations in paragraph 108 of the Complaint.

109. Denies the allegations in paragraph 109 of the Complaint.

110. Incorporates its responses to paragraphs 1 through 109, *supra*, as if each were separately set forth herein.

111. States that paragraph 111 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 111.

112. States that paragraph 112 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 112.

113. States that paragraph 113 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 113.

114. States that paragraph 114 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 114.

115. Denies the allegations in paragraph 115 of the Complaint and avers that the IRS disallowed the deductions referred to in paragraph 115.

116. Denies the allegations in paragraph 116 and avers that the disallowance was not proposed.

117. Denies the allegations in paragraph 117 and avers that the adjustment made by the IRS resulted in a $473,046 increase in taxable income.

118. Denies the allegations in paragraph 118 of the Complaint and avers that adjustments were not proposed.

119. Denies the allegations in paragraph 119 of the Complaint and avers that the adjustments made by the Internal Revenue Service identified in paragraph 119 of the Complaint resulted in a $9,434,080 increase in taxable income.

120. Denies the allegations in paragraph 120 of the Complaint and avers that Plaintiff owed an additional $2,965,331 in taxes for taxable year 1998, which amount was paid.

121. Denies the allegations in paragraph 121 of the Complaint and avers that on the dates identified Plaintiff paid $2,965,331 in additional taxes.

122. Denies the allegations in paragraph 122 of the Complaint.

123. Incorporates its responses to paragraphs 1 through 122, *supra*, as if each were separately set forth herein.

124. States that paragraph 124 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 124.

125. States that paragraph 125 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 125.

126. States that paragraph 126 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 126.

127. States that paragraph 127 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 127.

128. States that paragraph 128 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 128.

129. States that paragraph 129 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 129.

130. States that paragraph 130 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 130.

131. States that paragraph 131 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 131.

132. Denies the allegations in paragraph 132 of the Complaint and avers that the IRS disallowed the deductions referred to in paragraph 132.

133. Denies the allegations in paragraph 133 and avers that the disallowance was not proposed.

134. Denies the allegations in paragraph 134 and avers that the adjustments made by the Internal Revenue Service identified in paragraph 134 of the Complaint resulted in increases in taxable income of $1,434,203 and $1,253,386.

135. Denies the allegations in paragraph 135 of the Complaint and avers that adjustments were not proposed.

136. Denies the allegations in paragraph 136 of the Complaint and avers that the adjustments made by the Internal Revenue Service identified in paragraph 136 of the Complaint resulted in a $30,897,593 increase in taxable income.

137. Denies the allegations in paragraph 137 of the Complaint and avers that the adjustments made by the Internal Revenue Service identified in paragraph 137 of the Complaint resulted in a $32,268,888 increase in taxable income.

138. Denies the allegations in paragraph 138 of the Complaint and avers that the adjustments made by the Internal Revenue Service identified in paragraphs 138 of the Complaint resulted in a $63,166,481 increase in taxable income.

139. Denies the allegations in paragraph 139 of the Complaint and avers that Plaintiff owed an additional $19,200,319 in taxes for taxable year 1999, which amount was paid.

140. Admits that on the dates identified the Plaintiff paid $19,200,319 in additional taxes, except denies the deficiency was proposed.

141. Denies the allegations in paragraph 141 of the Complaint.

142. Incorporates its responses to paragraphs 1 through 141, *supra*, as if each were separately set forth herein.

143. States that paragraph 143 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 143.

144. States that paragraph 144 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 144.

145. States that paragraph 145 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 145.

146. States that paragraph 146 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 146.

147. States that paragraph 147 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 147.

148. States that paragraph 148 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 148.

149. States that paragraph 149 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 149.

150. States that paragraph 150 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 150.

151. Denies the allegations in paragraph 151 of the Complaint and avers that the IRS disallowed the deductions referred to in paragraph 151.

152. Denies the allegations in paragraph 152 and avers that the disallowance was not proposed.

153. Denies the allegations in paragraph 153 and avers that the adjustments made by the Internal Revenue Service identified in paragraph 153 of the Complaint resulted in increases in taxable income of $1,514,981 and $1,419,168.

154. Denies the allegations in paragraph 154 of the Complaint and avers that adjustments were not proposed.

155. Denies the allegations in paragraph 155 of the Complaint and avers that the adjustments made by the Internal Revenue Service identified in paragraph 155 of the Complaint resulted in a $30,983,073 increase in taxable income.

156. Denies the allegations in paragraph 156 of the Complaint and avers that the adjustments made by the Internal Revenue Service identified in paragraph 156 of the Complaint resulted in a $34,678,471 increase in taxable income.

157. Denies the allegations in paragraph 157 of the Complaint and avers that the adjustments made by the Internal Revenue Service identified in paragraphs 157 of the Complaint resulted in a $65,661,544 increase in taxable income.

158. Denies the allegations in paragraph 158 of the Complaint and avers that Plaintiff owed an additional $22,793,179 in taxes for taxable year 2000, which amount was paid.

159. Admits that on the dates identified the Plaintiff paid $22,793,179 in additional taxes, except denies the deficiency was proposed.

160. Denies the allegations in paragraph 160 of the Complaint.

161. Incorporates its responses to paragraphs 1 through 160, *supra*, as if each were separately set forth herein.

162. States that paragraph 162 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 162.

163. States that paragraph 163 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 163.

164. States that paragraph 164 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 164.

165. States that paragraph 165 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 165.

166. States that paragraph 166 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 166.

167. States that paragraph 167 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 167.

168. States that paragraph 168 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 168.

169. States that paragraph 169 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 169.

170. Denies the allegations in paragraph 170 of the Complaint and avers that the IRS disallowed the deductions referred to in paragraph 170.

171. Denies the allegations in paragraph 171 and avers that the disallowance was not proposed.

172. Denies the allegations in paragraph 172 and avers that the adjustments made by the Internal Revenue Service identified in paragraph 172 of the Complaint resulted in increases in taxable income of $1,490,665 and $1,419,313.

173. Denies the allegations in paragraph 173 of the Complaint and avers that adjustments were not proposed.

174. Denies the allegations in paragraph 174 of the Complaint and avers that the adjustments made by the Internal Revenue Service identified in paragraph 174 of the Complaint resulted in a $30,954,665 increase in taxable income.

175. Denies the allegations in paragraph 175 of the Complaint and avers that the adjustments made by the Internal Revenue Service identified in paragraph 175 of the Complaint resulted in a $34,601,812 increase in taxable income.

176. Denies the allegations in paragraph 176 of the Complaint and avers that the adjustments made by the Internal Revenue Service identified in paragraph 176 of the Complaint resulted in a $65,556,477 increase in taxable income.

177. Denies the allegations in paragraph 177 of the Complaint and avers that Plaintiff owed an additional $24,428,897 in taxes for taxable year 2001, which amount was paid.

178. Admits that on the dates identified the Plaintiff paid $24,428,897 in additional taxes, except denies the deficiency was proposed.

179. Denies the allegations in paragraph 179 of the Complaint.

180. Incorporates its responses to paragraphs 1 through 179, *supra*, as if each were separately set forth herein.

181. States that paragraph 181 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 181.

182. States that paragraph 182 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 182.

183. States that paragraph 183 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 183.

184. States that paragraph 184 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 184.

185. States that paragraph 185 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 185.

186. States that paragraph 186 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 186.

187. States that paragraph 187 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 187.

188. States that paragraph 188 of the Complaint contains legal argument to which no response is necessary and otherwise denies the allegations in paragraph 188.

189. Denies the allegations in paragraph 189 of the Complaint and avers that the IRS disallowed the deductions referred to in paragraph 189.

190. Denies the allegations in paragraph 190 and avers that the disallowance was not proposed.

191. Denies the allegations in paragraph 191 and avers that the adjustments made by the Internal Revenue Service identified in paragraph 191 of the Complaint resulted in increases in taxable income of $1,575,311 and $1,502,680.

192. Denies the allegations in paragraph 192 of the Complaint and avers that adjustments were not proposed.

193. Denies the allegations in paragraph 193 of the Complaint and avers that the adjustments made by the Internal Revenue Service identified in paragraph 193 of the Complaint resulted in a $21,161,501 increase in taxable income.

194. Denies the allegations in paragraph 194 of the Complaint and avers that the adjustments made by the Internal Revenue Service identified in paragraph 194 of the Complaint resulted in a $34,582,365 increase in taxable income.

195. Denies the allegations in paragraph 195 of the Complaint and avers that the adjustments made by the Internal Revenue Service identified in paragraphs 195 of the Complaint resulted in a $55,743,866 increase in taxable income.

196. Denies the allegations in paragraph 196 of the Complaint and avers that Plaintiff owed an additional $11,131,710 in taxes for taxable year 2002, which amount was paid.

197. Admits that on the dates identified the Plaintiff paid $11,131,710 in additional taxes, except denies the deficiency was proposed.

198. Denies the allegations in paragraph 198 of the Complaint.

**ADDITIONAL DEFENSES**

199. To the extent Plaintiff is seeking a refund of taxes not fully paid or constituting a variance from its refund claims this Court lacks jurisdiction over such claims.

200. Plaintiff's refund suit is subject to the limitations set forth in 26 U.S.C. § 6511.

201. Plaintiff is not entitled to the tax losses claimed because the tax shelter transactions and components thereof lack economic substance and/or constitute a sham.

202. The tax deductions at issue fail when the step transaction doctrine is applied and the steps which comprise the tax shelters are collapsed and then viewed as a single transaction with respect to each tax shelter.

203. Plaintiff is not entitled to interest expense deductions with respect to its "non-recourse loans," because such loans do not result in a use of the loan proceeds by Plaintiff nor a true forbearance by its lenders.

204. The tax shelter transactions here at issue create, at most, contingent future leasehold interests and Plaintiff is therefore not entitled to any present deductions on account thereof.

205. To the extent that Count One of the Plaintiff's Complaint can be construed to seek relief with respect to any tax year occurring before or after Plaintiff's 1998, 1999, 2000, 2001 and 2002 tax years, the relief

sought violates the Anti-Injunction Act (26 U.S.C. § 7421), the Declaratory Judgment Act (28 U.S.C. § 2201), and constitutes a variance from its claim for refund, and therefore this Court lacks jurisdiction to hear such claim.

206. The Plaintiff's participation in illegal tax shelter transactions did not constitute investments for federal tax purposes and any reference to either of the transactions as an "investment" is specifically denied.

s/ Joseph A. Sergi
JOSEPH A. SERGI
Attorney of Record
U.S. Department of Justice, Tax Division
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-0868
Facsimile: (202) 307-0054

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
DAVID N. GEIER
Trial Attorney

s/ Steven I. Frahm
Of Counsel

November 27, 2006