**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **UNIONBANCAL CORPORATION & SUBSIDIARIES,** | ) | |
| **Plaintiff,** | ) | **No. 06-587 T** |
| **v.** | ) | **Judge Loren A. Smith** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S OBJECTION TO THE UNITED STATES' MOTION FOR ENLARGEMENT OF DISCOVERY PERIOD AND RELATED DEADLINES**

Plaintiff, Unionbancal Corporation & Subsidiaries ("UBOC"), hereby files this objection to the United States' Motion for Enlargement of Discovery Period and All Related Deadlines (hereinafter referred to as "Defendant's Motion" or "Motion"). Defendant, not having prepared for trial on a timely basis, has moved the Court for a *second* extension of all discovery deadlines. In support of its Motion, Defendant offers a version of the facts that is at best incomplete and inaccurate. UBOC objects to the enlargement of discovery deadlines requested by Defendant, and urges the Court not to indulge Defendant's dilatory behavior.

The Complaint in this case was filed on August 14, 2006. Defendant's Answer was filed on November 27, 2006, almost a year and a half ago. On February 20, 2007 the Court ordered a discovery schedule. Originally fact discovery was scheduled to end on December 20, 2007. On December 19, 2007 the parties requested an extension of discovery deadlines of approximately five months. *See* Parties' Joint Stipulated Proposed Scheduling Order, filed December 19, 2007 (Dkt. # 17). The Court granted the parties' request and issued a Scheduling Order on

January 2, 2008 (Dkt. # 18), which ordered that all fact discovery, including depositions, end on May 30, 2008.

Contrary to Defendant's assertions in its Motion, with regard to the first extension Plaintiff did not request more time due to its counsel's involvement in another case, *Consolidated Edison, Inc. & Subsidiaries v. United States*, 06-305-T (Cl. Ct.), or in any of the other cases Plaintiff's counsel was litigating. That request was initiated by Defendant. UBOC agreed to Defendant's requests for an initial enlargement of the discovery period because it thought the request to be reasonable under the circumstances. However, a second enlargement, given the current circumstances, is not reasonable and would not be needed had Defendant's counsel not neglected this case (as described below).

Plaintiff addresses each of Defendant's rationales, while supplying the Court with a more complete and accurate version of the underlying facts, below.

**A. "The Transactions at Issue Are Large and Complex."**

Defendant states the two transactions at issue in this case, UBOC's lease-leaseback of (1) a hydroelectric facility located in Switzerland ("Misoxer") in 1998, and (2) a sports and entertainment facility located in Anaheim, California (the "Pond") in 1999, involve complex legal agreements and a number of financial institutions and professional firms. This is true; it is true of the Pond and Misoxer transactions, just as it is true for all large leveraged leases. Defendant then states: "Because of these complexities, a significant amount of discovery from both Plaintiff and third-parties is needed." Plaintiff accepts this premise. However, Defendant has known of these truths since Plaintiff filed its detailed complaint on August 14, 2006, almost twenty-one months ago. Plaintiff's RCFC 26(a) disclosures, filed over fourteen months ago (February 16, 2007), provided Defendant with the key documents and a listing of persons with

discoverable information that UBOC might use to support its case. If that wasn't enough to fully apprise Defendant of the complexity of this case and the identities of the likely witnesses, Plaintiff's Responses to United States' First Request for Production, filed June 25, 2007, and Plaintiff's Responses to United States' First Set of Interrogatories, filed July 3, 2007, removed all uncertainty. Armed with all the information it needed to pursue discovery from third parties, Defendant sat back and did nothing for almost seven months until January 28, 2008, when it issued its first batch of subpoenas *duces tecum*. This was *after* the first period for discovery was scheduled to end.

**B. "<u>Document Discovery is Not Yet Complete</u>."**

1. *"Electronic Discovery Issues."*

Defendant's counsel is manufacturing an "electronic discovery issue" to lend support for its failure to pursue discovery on a timely basis in this case. UBOC gathered the electronic files of the people who had involvement with the Misoxer and Pond transactions. On August 8, 2007, Plaintiff sent Defendant a letter that detailed Plaintiff's electronic discovery efforts, and asked for Defendant's agreement that the efforts were sufficient. Defendant simply ignored that letter. Plaintiff followed up with a series of phone calls and emails, asking Defendant to respond; Defendant ignored these as well. Having been unable, despite repeated attempts, to get Defendant's input, Plaintiff completed its productions of documents based upon the parameters set out in its letter of August 8, 2007.

Defendant continued to ignore Plaintiff's attempts to come to an agreement on electronic discovery until December 18, 2007, when the parties had a phone conference (in which Defendant primarily sought an enlargement of the discovery period, otherwise due to end two days later on December 20, 2007). When reminded of Plaintiff's long-standing attempts to get

closure on electronic discovery parameters, Defendant responded that "it was generally OK," but they had a "few nits" (i.e., no claw backs, discovery on any back-up systems). Defendant agreed to send Plaintiff an email detailing those nits; hence the reference to working out the parameters of electronic discovery in the proposed joint scheduling order filed by the parties on Decembe 19, 2007. Defendant never sent the promised email.

On January 22, 2008, more than five months after Plaintiff requested Defendant's input, Defendant sent Plaintiff a letter that backed away from its prior oral representations that Plaintiff's electronic discovery efforts had been "generally OK," and sought additional discovery on Plaintiff's electronic discovery efforts. Defendant is certainly entitled, within the discovery period allowed by the Court, to take an RCFC 30(b)(6) deposition of Plaintiff. That Defendant is running out of time to do so is a natural and predictable result of its ignoring the issue for a good part of 2007 and thereafter.

2. *"Third-Party Discovery Issues."*

Defendant states: "shortly after the completion of the *Consolidated Edison* trial, Defendant served numerous third-party subpoenas." There are two things wrong with that statement: (1) it implies that Defendant's counsel had received some sort of exemption or pass from working on this case during the *Consolidated Edison* trial; and (2) it is not an accurate statement (the last day of testimony in *Consolidated Edison* was November 28, 2007; Defendant's first batch of third-party subpoenas went out two months later, on January 28, 2008). Most of the subpoenaed parties had been identified in Plaintiff's RCFC 26(a) disclosures almost a year before, on February 16, 2007; the remainder were identified in Plaintiff's Responses to United States' First Set of Interrogatories on July 03, 2007. Defendant offers no excuse, for indeed there is none, for its lengthy delay in actually issuing subpoenas.

Defendant states that there have been some delays, objections and requests for protective orders from subpoenaed third parties; this is neither unexpected in litigation nor surprising considering the stunning overbreadth of Defendant's requests. As Defendant allows on several occasions in its Motion, its counsel is experienced in these types of cases; Defendant knew or reasonably should have anticipated that there would be issues with third-party subpoenas. If third parties are not responding to subpoenas, there are rules and procedures in place to deal with such situations. Of course, counsel needs to avail itself of the remedies on a timely basis, which starts with issuing subpoenas with time to spare for response or enforcement. Defendant's counsel, ignoring their ample experience, inexplicably waited far too long to issue third-party subpoenas. Defendant would now like to be excused from its neglect.

**C. "Depositions are Not Yet Complete."**

1. *"Inability to Obtain Documents Has Effectively Prohibited Depositions."*

This is Defendant's "bootstrap" argument. The argument is essentially that since Defendant was dilatory and didn't get around to issuing subpoenas on a timely basis, it can't review the massive amounts of information it requested and use such information in depositions before the Court's deadline for fact discovery ends on May 30, 2008. Otherwise put, Defendant wishes to be excused from the easily foreseeable consequences of its own actions (or lack thereof).

2. *"Privilege Disputes Have Just Recently Arisen."*

Plaintiff and Defendant disagree on whether certain types of documents are privileged or have had applicable privileges waived. Defendant first notified Plaintiff of its issues with Plaintiff's privilege log by email on April 17, 2008. This email instructed Plaintiff to justify its privilege calls by April 22, 2008; Plaintiff did so in a detailed response, citing case law for all of

its positions. Defendant never replied or attempted to counter Plaintiff's legal arguments. Now, Defendant wants its silence to enable it to obtain an enlargement of time for discovery.

3. *"The Need for Depositions of Counsel Issuing Tax Opinions Has Just Arisen."*

This is the first time Defendant has broached this subject with Plaintiff. The identity of Plaintiff's counsel was well known to the Defendant since Plaintiff filed its complaint. As previously discussed, Defendant's counsel is experienced in these types of cases. Apparently Defendant's counsel has some new ideas and would like additional discovery time to pursue them.

**D. "Plaintiff Just Served Comprehensive Discovery on Defendant for Which Defendant Needs Additional Time to Respond."**

This is the first time Plaintiff has heard that a timely response to its discovery requests is a problem for Defendant. The time period set for Defendant's responses to Plaintiff's discovery was the traditional 30 days provided for by RCFC. When Plaintiff has been issued discovery requests by Defendant (also due within 30 days), it has responded within that time period or obtained an extension. Plaintiff can only wonder what efforts Defendant has made to date to comply with Plaintiff's discovery requests. Nevertheless, Plaintiff is willing to grant Defendant a 30-day extension to fully complete its responses to Plaintiff's discovery requests.

Plaintiff therefore requests that the United States' Motion for Enlargement of Discovery Period and All Related Deadlines, each by six months, be denied.

However, Plaintiff agrees that a modest extension of discovery periods will facilitate litigating this case on a full record. Plaintiff does not intend to prevent Defendant from presenting its case. As of this date such a proposal has not been requested by Defendant.

Plaintiff believes a one to two month extension of all discovery deadlines would permit reasonable time for Defendant to complete its discovery, even taking into account Defendant's own delays in moving this case forward. Plaintiff believes that any such extension should be limited to currently outstanding discovery plus depositions. The delay should not be an occasion for new rounds of discovery requests and indeed Defendant has not argued in its motion for any need for new discovery requests.

Furthermore, Plaintiff requests that the Court set a date for trial. Plaintiff believes it is likely that any new discovery deadlines will be treated no differently than those past deadlines, which Defendant has ignored in its plans. A trial date, regardless of discovery deadlines, becomes the true focal point for all plans going forward. It has been twenty-one months since Plaintiff filed its Complaint. It is appropriate now to have a date certain when this case may be tried.

Dated: May 8, 2008

Respectfully submitted by:

DAVID F. ABBOTT
Attorney of Record
Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820
Telephone: (212) 506-2642

By: /s/ Gary S. Colton, Jr.
GARY S. COLTON, JR.
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-7928

CERTIFICATE OF SERVICE

I, Andrew W. Steigleder, hereby certify that on this 8th day of May, 2008, I caused the foregoing Plaintiff's Objection To The United States' Motion For Enlargement Of Discovery Period And Related Deadlines to be served upon the United States of America by overnight courier and by electronic delivery, to the following:

Joseph A. Sergi
U.S. Department of Justice, Tax Division
Room 7923, Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20001
Joseph.A.Sergi@usdoj.gov

DAVID F. ABBOTT
Attorney of Record
Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820
Telephone: (212) 506-2642

By: ______________________
ANDREW W. STEIGLEDER
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-7371