**No. 06-587**
**(Judge Loren A. Smith)**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**UNIONBANCAL CORPORATION & SUBSIDIARIES**

**Plaintiff**

**v.**

**THE UNITED STATES,**

**Defendant**

**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION FOR ENLARGEMENT OF DISCOVERY PERIOD AND RELATED DEADLINES**

In further support of its Motion for a six-month extension of the remaining discovery deadlines, Defendant submits the following:

Contrary to the representations made in Plaintiff's Response, the parties' initial request for an extension of the discovery period was made at the suggestion of Plaintiff's counsel in light of the pendency of *Consolidated Edison & Subsidiaries v. United States*, Case No. 6-305 (Cl. Ct.), pending before Judge Horn and tried in October and November of last year. That case concerns the same type of transaction at issue in this case (a LILO). Setting aside the dispute over who first raised the request for an extension, it was carried out in the form of a joint motion to the Court, and with the hope that it would benefit the presentation of this case. That enlargement had nothing to do with the extent and duration of Defendant's discovery needs.

**Electronic Discovery**

Plaintiff admits that it first gathered electronic documents in August 2007 in response to Defendant's Request for Production served in April 2007. The ongoing proceedings in the *Consolidated Edison* case explains why Plaintiff did not produce any of those documents up through the time of trial, it does not explain why Plaintiff did not provide those documents until mid-March, more than three months after trial was concluded in *Consolidated Edison*, and only after numerous requests from Defendant.

Plaintiff's claim that Defendant never sent an email addressing the concerns it had with Plaintiff's proposed electronic discovery parameters is disingenuous given that Defendant's January 22, 2008 correspondence addressed these very concerns. The mode of the communication, whether by email or written correspondence is irrelevant. Further, Plaintiff's claim that Defendant's correspondence "backed away from" previous representations that Plaintiff's efforts were generally acceptable is incorrect; Defendant's letter addressed the specific concerns Defendant had with Plaintiff's proposed parameters, and was intended to address some of the same situations that had occurred in the *Consolidated Edison* case.[1] Plaintiff asked Defendant to raise any concerns it had, which it did. This is not a matter of "manufacturing" a dispute as Plaintiff claims, and will likely require additional time to resolve even after Defendant conducts its 30(b)(6) deposition on this issue.

[1]In that case, the plaintiff, also represented by Mayer Brown, failed to make any efforts to search the electronic files of employees that had left the company as of the date of its searches and did not preserve electronic documents during a system changeover that occurred several years after plaintiff in that case entered into the LILO transaction at issue in that case. Those matters are currently the subject of a pending Motion concerning spoliation. *See Consol. Edison, Inc. & Subsidiaries v. United States*, Case No. 6-305 (Cl. Ct.) (Dkt. # 93 - 95).

**Third Party Subpoenas and Inability to Conduct Depositions**

Plaintiff's claim that Defendant "did nothing" for almost seven months is inaccurate. Defendant spent enormous amounts of time reviewing the tens of thousands of pages of documents produced by Plaintiff to gain a better understanding of the roles played by the various individuals and entities involved in the transactions at issue in this case and to focus its discovery efforts on those entities that were most integral to the transactions. As Plaintiff acknowledges, Defendant sent out numerous and comprehensive third party subpoenas in January of this year. At this point in time, the majority of those subpoenas have been responded to in a timely fashion[2] (with the exception of the few identified in Defendant's Motion). Defendant and the remaining third-parties are attempting to resolve the production issues in good faith without burdening the Court. They simply need additional time to do so. Plaintiff's implication that Defendant should prematurely move to compel an entity that is cooperating, but needs additional time to provide documents in light of confidentiality concerns and electronic discovery issues, is inconsistent with the cooperation that this Court expects of the parties in resolving discovery issues, with each other, and with third parties. Plaintiff also ignores that its counsel's conduct delayed discovery from some of the key entities involved in this case, the BTMU entities, for over four months. It is ironic that Plaintiff has acted to delay the completion of Defendant's discovery and now objects to the resulting additional time needed.

**Privilege Disputes**

While Plaintiff complains that Defendant did not alert it to privilege concerns until April 17, 2008, Plaintiff ignores that it waited many months after it withheld documents on claims of

[2]Thus refuting Plaintiff's claim that Defendant should expect that third-parties will not respond in a timely fashion.

privilege before it finally produced its privilege log on March 24, 2008. Moreover, Plaintiff did not provide some of the documents giving rise to the dispute until March 31, 2008. Defendant diligently reviewed these privilege claims and drafted a detailed email, challenging some of the claims asserted by Plaintiff. On April 22, 2008 Plaintiff provided explanations that the Defendant believes are invalid. The parties' differences over privilege therefore have arisen only recently and provide no basis for Plaintiff to oppose an extension.[3]

**Tax Counsel**

Although Defendant requested them in April 2007, Plaintiff did not produce tax opinions until March 31, 2008. Once Defendant reviewed those tax opinions, Defendant determined that discovery was needed from tax counsel.[4] Further, since Plaintiff has claimed that the production of those opinions has not resulted in a waiver of the attorney-client privilege, Defendant also now needs to conduct discovery from tax counsel to test those claims. That is, Defendant is entitled to inquire regarding the dissemination of the tax opinions and whether it supports Plaintiff's claims of privilege. *See Fid. Int'l Currency Advisor A Fund LLC v. United States*, Case No. 05-40151 (D. Mass. Apr. 18, 2008). Plaintiff should not be rewarded, and Defendant penalized, because Plaintiff withheld the opinions until shortly before the close of discovery.[5]

---

[3]Further, one of the bases for requesting six months of additional discovery is to provide sufficient time for briefing and a ruling on Defendant's forthcoming Motion to Compel with respect to privileges and to conduct the depositions of those individuals affected by the privilege claims on the basis of the Court's ruling. Plaintiff's suggestion of one or two additional months is inadequate.

[4]Plaintiff's attempts to limit Defendant's ability to seek additional discovery from tax counsel by way of its request to limit discovery to outstanding discovery requests and depositions is inappropriate and an attempt by Plaintiff to prohibit Defendant from fully developing its case.

[5]Plaintiff's attempts to limit the scope of discovery at this point are premature and unwarranted. If the upcoming depositions reveal additional appropriate inquiries, Defendant should have the right to pursue such discovery.

WHEREFORE, for these reasons, and those set forth in its initial motion, Defendant respectfully requests the Court extend the discovery period and related deadlines for six months.

Respectfully submitted,

/s/ Joseph A. Sergi
JOSEPH A. SERGI
Attorney of Record
U.S. Department of Justice, Tax Division
Post Office Box 26, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-0868
Facsimile: (202) 307-0054
NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
DAVID N. GEIER
ADAM R. SMART
CAROLINE A. NEWMAN
Trial Attorneys

/s/ Steven I . Frahm
Of Counsel

May 12, 2008