# EXHIBIT A

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **UNIONBANCAL CORPORATION & SUBSIDIARIES,** | ) | |
| **Plaintiff,** | ) | **No. 06-587T** |
| **v.** | ) | **Judge Loren A. Smith** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**PROTECTIVE ORDER**

Plaintiff UnionBanCal Corporation & Subsidiaries, Defendant United States, and third parties BTMU Trust Company, BTMU Financial Services, Inc., and BTMU Funding Corporation, (collectively, hereinafter "BTM") stipulate as follows:

1. Designation of confidential information by BTM will be made by placing or affixing on the document in a manner that will not interfere with its legibility the words:

"CONFIDENTIAL: Subject to Protective Order in
UnionBanCal Corporation v. United States, No. 06-587T (Ct. Cl.)"

BTM may designate material as confidential only when it in good faith believes the material contains nonpublic technical, commercial, financial, personal, or business information. Unless otherwise stated in this stipulation, a designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information.

2. Except as otherwise provided in this stipulation, information or documents designated as confidential by BTM under this stipulation shall not be used or disclosed by the remaining parties or their counsel or any persons identified in Paragraph 3 of this stipulation for any purposes whatsoever other than preparing for and conducting the litigation in this lawsuit (including any appeals).

3. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this stipulation

to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to employees of counsel for the parties, or to employees of the parties, who have direct functional responsibility, or supervisory authority, for the preparation and trial of the above-captioned lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this stipulation requiring that the documents and information be held in confidence.

(ii) Disclosures may be made to the Court and its employees.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this stipulation.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the above-captioned lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this stipulation requiring that the documents and information be held in confidence. Each party shall certify to the other party that each expert to whom it has disclosed information that is confidential under this stipulation has so agreed. Such certification shall be delivered to the other party at the close of expert witness discovery. However, to the extent any consultants or investigators are "non-testifying experts" in the instant case, such certification need not be delivered to the other parties; however, the parties must retain copies of the signed Confidentiality Agreement with respect to such "non-testifying experts" in their offices. After final judgment is entered in the above captioned matter, counsel for BTM may request to view such Agreements. In that event, BTM and counsel for BTM agree to keep confidential the identity of such "non-testifying experts." If BTM or counsel for BTM wishes to disclose the identity of such "non-testifying experts," BTM may move for a ruling from

the Court that such information may be disclosed. The identity of the "non-testifying experts" at issue will be treated as confidential until the Court decides the motion. "Non-testifying experts" shall be defined for purposes of this Protective Order as a party that will not testify in the matter before the court but would otherwise be an expert within the meaning of Rule 26 of the Rules of the Court of Federal Claims (RCFC). However, "non-testifying expert" shall specifically exclude from its definition any party taking a significant, active or supporting role in the analysis of a testifying expert or any party taking a significant, active or supporting role in the writing of the report that a testifying expert shall be relying upon at trial. If a party is classified as a "non-testifying expert" and at any time no longer qualifies under the definition contained in this paragraph, BTM and counsel for BTM shall be notified immediately and receive certification.

(v) Disclosures may be made to any fact witnesses or potential fact witnesses when a good faith determination is made that the documents would be relevant to their testimony or potential testimony. Such witnesses shall be informed of this Order, that it applies to them and be given a copy of the Order if requested.

4. Except as provided otherwise in this stipulation, counsel for the parties shall keep all documents designated as confidential which are received under this stipulation secure within their exclusive possession and must place such documents in a secure area.

5. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this rule, or any portion thereof, must be immediately affixed with the words:

"CONFIDENTIAL: Subject to Protective Order in
UnionBanCal v. United States, No. 06-587T (Ct. Cl.)"

if those words do not already appear, and shall be treated as confidential under this stipulation.

6. Nothing in this stipulation limits the right of any party to seek any protection it deems necessary for any documents or information, in accordance with Rule of the United States Court of Federal Claims 26(c).

7. Any party may serve a written objection to any designation of confidentiality made

by BTM. This notice shall specifically identify the material or information to which the objecting party wishes to have the designation removed. Within fourteen (14) days of receipt of such objection, BTM (i) shall review the material to which the objection applies, (ii) notify the objecting party in writing whether BTM will agree to remove the designation as requested, and (iii) if, it will not agree to remove the designation, BTM will state with specificity its reasons for not agreeing. If an agreement cannot be reached, BTM may move for a ruling from the Court, designating the material as confidential or for other similar protection, within fourteen (14) days of the expiration of the fourteen (14) day period referenced above. The material at issue will be treated as confidential until the Court decides the motion. If the parties disagree about whether the information is confidential and BTM does not timely move the Court, then the document is deemed to be not confidential.

8. To the extent that a party intends to file any document or information with the Court that reveals or tends to reveal information that BTM has designated as confidential and for which the Court has not yet had reason to consider, the filing party must notify BTM fourteen (14) days prior to the filing to give BTM an opportunity to prepare and file a motion and order to seal that information. The parties agree not to argue for a favorable ruling against one another for failure to attach a document or otherwise identify information identified by BTM as confidential pending a determination by the Court regarding the confidentiality of the information.

9. Nothing in this stipulation shall prevent disclosure of any confidential information if the designating party consents, in writing, to the disclosure.

10. Notwithstanding any provision of this stipulation, counsel for the United States may disclose confidential information or documents to other government Agencies or Departments provided that such disclosure is not in contravention of 26 U.S.C. § 6103 (2000). If any confidential information is disclosed to other governmental Agencies or Departments, counsel for the United States shall notify BTM of such disclosure in writing and provide a detailed listing of the recipient(s) and the Bates numbers of the documents disclosed.

11. Notwithstanding any provision of this stipulation, the parties may disclose confidential information or documents if necessary to comply with a subpoena or court order, whether or not originating with the Court in this captioned stipulation. However, within seven days of when it is recognized that disclosure of confidential information or documents is required to comply with a subpoena or court order, the party shall give prompt written notice to BTM of the impending disclosure.

12. Within thirty (30) days of the conclusion of the above-captioned lawsuit, and except to the extent that information is required to be maintained by federal law or a Department

of Justice (or Tax Division) directive or order, materials designated by BTM as confidential (and any copies thereof) that are in the possession, custody, or control of the parties to the lawsuit or their counsel shall be either (i) returned to the party who designated the materials as confidential or (ii) destroyed, in which case the destroying party must provide a certificate -- signed by the destroying party's counsel -- to BTM that certifies that all materials designated by a party as confidential (and any copies thereof) that are in the possession, custody, or control of the opposing party have been destroyed. This provision does not apply to confidential information or documents disclosed pursuant to Paragraphs 9 or 11 of this stipulation.

13. Nothing in this stipulation shall be grounds for excluding a document from evidence. In this regard, protected material filed with the court will be retained by the clerk's office under seal. However, information may lose its sensitivity over time, such that it is not necessary for the court to retain material under seal forever. Therefore, on or before thirty (30) days after the conclusion of the action before this court, the parties shall review previously protected information filed with the court, confer with BTM, and propose to the court in a joint written motion what information needs continued protection, and for what period of time.

Respectfully submitted this 16th day of May, 2008.

IT IS SO ORDERED.

Dated: By the Court:

Stipulated and Agreed to:

BTMU Trust Company
BTMU Funding Corporation
BTMU Financial Services, Inc.

Daniel A. Dumezich, Esquire
Ryan T. Sherer, Esquire
Mayer Brown LLP
Chicago, Illinois 60606

United States of America
Adam R. Smart
Joseph A. Sergi
United States Department of Justice
Tax Division
Court of Federal Claims Section
P.O. Box 26 – Ben Franklin Station
Washington, D.C. 20044

UnionBanCal Corporation & Subsidiaries

David Abbott
MAYER BROWN LLP
1675 Broadway
New York, NY 10019-5820
Counsel for Plaintiff

EXHIBIT A

CONFIDENTIALITY AGREEMENT

I have received and read all the terms of the Stipulation and Protective Order in the action captioned UnionBanCal Corporation & Subsidiaries v. United States, No. 06-587T (Ct. Cl.), and understand and hereby agree to be bound by all the terms thereof with respect to the use and disclosure of information and materials designated as "CONFIDENTIAL. Subject to Protective Order in UnionBanCal Corporation v. United States, No. 06-587T (Ct. Cl.)." I further expressly agree that I will not in any way use, disclose, discuss, summarize, reveal or refer to any information or material designated "CONFIDENTIAL: Subject to Protective Order in UnionBanCal Corporation v. United States, No. 06-587T (Ct. Cl.)" for any purpose whatsoever other than in assisting in the conduct of the above-referenced action.

Dated:

________________________________
Signature

________________________________
Print Name

Address, and Phone Number of Company or Firm:

________________________________

________________________________