IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNIONBANCAL CORPORATION & SUBSIDIARIES, | ) | |
| Plaintiff, | ) | No. 06-587 T |
| v. | ) | Judge Loren A. Smith |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## PLAINTIFF'S PROPOSED SCHEDULING ORDER

Plaintiff, UnionBanCal Corporation & Subsidiaries ("UBOC"), respectively submits this Proposed Scheduling Order as directed by the Court in its Order dated May 27, 2008. The parties have conferred, and were able to agree on due dates for fact discovery, expert reports, expert rebuttal reports, expert discovery and a date by which the parties would either have a stipulation of facts, or would notify the Court that they had been unable to do so. The parties, however, had a fundamental disagreement concerning the need to allow a significant block of time to pursue the filing, briefing, and decision of a summary judgment motion. Defendant would like to file a motion for summary judgment. Plaintiff believes, for the reasons discussed below, that such a motion would be inappropriate and would simply waste the Court's time and resources, while further delaying the inevitable trial in this case.

Plaintiff proposes the following schedule:

1. All fact discovery (including all fact depositions) shall end on Tuesday, September 30, 2008.

2. The parties will simultaneously exchange expert reports on Friday, November 14, 2008.

3. The parties will exchange expert rebuttal reports by Monday, December 15, 2008.

4. All expert discovery shall end by Wednesday, January 21, 2009.

5. The parties shall file a stipulation of fact, or notify the Court that they were unable to reach agreement on a stipulation, on or before Friday, February 20, 2009.

6. Witness Lists, Plaintiff's Memorandum of Contentions of Fact and Law, Exhibit Lists, and Motions to Designate Deposition Testimony shall be filed on or before Friday, February 20, 2009.

7. Defendant's Memorandum due on or before Wednesday, March 20, 2009.

8. Final pre-trial conference on Wednesday, April 8, 2009.

9. Trial starting Wednesday, April 15, 2009 in Washington, D.C.

10. Parties' briefs due 60 days after end of trial.

11. Parties' reply briefs due 45 days after filing of briefs.

<u>Rationale for Plaintiff's Proposed Schedule</u>

Plaintiff has agreed to a second, more than generous extension of the period for discovery, despite Defendant not having demonstrated a bona-fide need (not caused by its own dilatory tactics). Defendant has stated that privilege issues may cause it to file a motion to compel, but the privilege log at issue was filed months ago and Plaintiff answered Defendant's questions concerning it, in detail, months ago. No new depositions have been taken in the three

weeks since the last status conference on May 21, 2008, and Defendant has not even made an effort to schedule additional depositions. Fact discovery would have been completed by now had Defendant taken the Court's initial deadlines seriously and prepared for trial. Defendant's "need" for additional time to file a summary judgment motion is just an artifice to delay the start of the trial so as to leave open the possibility of further delays to obtain even more time for discovery. This should be the final extension as it allows for ample time to fully complete discovery; no further delays should be allowed.

The only significant disagreement between the parties is whether a large block of time needs to be reserved to file, brief, and decide a summary judgment motion. However, it is obvious now that summary judgment will not be available, as there are key facts necessarily in dispute that prevent a ruling as a matter of law.

Defendant has had all of the transaction documents for well over a year, and the responses to its interrogatories for about a year. If, as a matter of law, the two lease transactions at issue simply are not to be respected for Federal income tax purposes, then why wait for depositions and additional documents in response to subpoenas, neither of which can possibly change the law.

This case can not be decided without a full record; there are two distinct lease transactions with many important areas of factual dispute. Plaintiff believes it had a profit motive and business purpose; that the lessee's purchase option may or may not be exercised; that Plaintiff acquired sufficient legal and practical rights to be viewed as holding a valid leasehold interest; that the debt used to acquire that interest was genuine; that the substance of the transaction matched its form; that the lease transactions carried substantive credit, residual value, remarketing and other risks; and that there were real risks of default borne by the parties to the

transaction. Plaintiff believes that Defendant disputes the previous statements; thus a trial is necessary to establish these facts.

Essentially, the trial team for Defendant in the current case also litigated the *Con Edison*[1] case in the United States Court of Federal Claims. This government trial team did not even file a motion for summary judgment in the *Con Edison* case, despite asserting that it planned to do so. The *Con Edison* case had 306 paragraphs of stipulations and 1,344 Joint Exhibits; a five-week trial was still necessary.

In another recent case also dealing with leasing issues, Judge Hogan addressed similar issues in his Order last week, denying the parties' cross motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50. *Fifth Third Bancorp v. United States*, 1:05-cv-00350-TSH (S.D. Ohio Jun. 10, 2008). First, the court noted that "The standard for judgment as a matter of law mirrors the standard for summary judgment under Fed. R. Civ. P. 56." *Id.* at 3. The court then made the following key observations as to why the case could not be decided as a matter of law:

- "Whether the benefits and burdens of an interest sufficient [to] imbue Plaintiff with lessee status passed to the Bank is a question of fact which must be ascertained from the intentions of the parties as evidenced by the transaction documents and all of the surrounding facts and circumstances." *Id.* at 6.

- "To determine whether the Loan Transactions involve genuine indebtedness, the trier of fact, in this case the jury, must consider the substance and the economic reality of the Loan Transactions based on all the facts and circumstances surrounding the loan transactions." *Id.* at 7.

- "Given that the intent of the parties with respect to the loan and its repayments is a primary factor for the trier of fact to consider, the Court cannot find any basis for the entry of judgment as a matter of law in favor of either party on the present record." *Id.*

- "[T]he question of whether the Purchase Option is virtually certain to be exercised is itself a factual issue which precludes the entry of judgment as a matter of law for either party." *Id.* at 9.

[1] *Consolidated Edison Company v. United States*; Case No. 06-305T, decision pending in United States Court of Federal Claims, Judge Horn.

The only similar leasing case to be decided on summary judgment is *BB&T Corp. v. United States*, 523 F.3d 461 (4th Cir. 2008), *aff'g* 2007 U.S. Dist. LEXIS 321 (M.D.N.C. Jan. 1, 2007). However, in that case, the plaintiff *stipulated* that it entered into the transaction believing "the most likely thing is [the foreign lessor/sub-lessee] would not walk away from the property." *Id.* at 10-11. In other words, the lessee's purchase option of the lease was basically assured in that case. Assurance of the lessee's purchase option being triggered also was cited as a significant factor in *AWG Leasing Trust v. United States*, No. 107-cv-00857-JG (N.D. Ohio May 28, 2008) (decided after a bench trial). In this case, Plaintiff does not have that belief and doubts Defendant will stipulate to the uncertainty surrounding the possibility that the lessee's purchase option will be exercised (i.e., one example of a disagreement in fact on a critical point).

Further, in the *AWG* case, the court found that the lease transaction had economic substance, a finding that required the court to determine the *subjective motives* of the taxpayer, a factual determination. Plaintiff believes Defendant plans to assert that the lease transactions at issue in this case are devoid of economic substance, hence another fundamental disagreement of fact exists.

The court in *AWG* held that the lease transaction's substance did not match its form; a test that requires a complete factual analysis, citing *Commissioner v. Culberson*, 337 U.S. 733, 742 (1949) ( "In assessing whether the form of the transactions accurately captures the substance, the court should consider the totality of the circumstances under which the transaction arose.") *AWG* at 34.

As summary judgment is inappropriate in this case, allowing time to pursue a pointless motion will cause delay and waste the Court's time and resources. The schedule now to be set should proceed with a trial promptly after discovery comes to a close. Should Defendant wish to

make motions for summary judgment at any point, it may do so without further delays to the schedule.

Wherefore, Plaintiff requests that the Court adopt its Proposed Scheduling Order.

Dated: June 18, 2008

Respectfully submitted by:

DAVID F. ABBOTT
Attorney of Record
Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820
Telephone: (212) 506-2642

By: ______________________
GARY S. COLTON, JR.
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-7928

CERTIFICATE OF SERVICE

I, Gary S. Colton, Jr. hereby certify that on this 18th day of June, 2008, I caused the foregoing **Plaintiff's Proposed Scheduling Order** to be served upon the United States of America by overnight courier and by electronic delivery, to the following:

Joseph A. Sergi
U.S. Department of Justice, Tax Division
Room 7923, Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20001
Joseph.A.Sergi@usdoj.gov

GARY S. COLTON, JR.
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-7928