**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **UNIONBANCAL CORPORATION & SUBSIDIARIES,** | ) | |
| **Plaintiff,** | ) | **No. 06-587 T** |
| **v.** | ) | **Judge Loren A. Smith** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**UNITED STATES' PROPOSED SCHEDULE**

In accordance with the Court's Order dated May 27, 2008 the United States respectfully submits this Proposed Schedule. The parties reached an agreement on the discovery portion of the proposed schedule; however, they were unable to agree on the remainder of the dates, specifically whether the Court should include time for summary judgment motions in its schedule.

**DISCOVERY**

The dates agreed to by the parties and submitted for approval by the Court are as follows:

1. All fact discovery, including all fact depositions,[1] shall end on September 30, 2008.[2]

---

[1] The United States and Plaintiff have had discussions about extending the number of depositions beyond the ten normally allowed under the Rules of this Court in an attempt to reach an agreement to request leave jointly. The parties have reached an impasse in this regard; although Plaintiff has agreed to 25 depositions in total, the United States believes that 35 are necessary to fully develop its case based on the information the United States has uncovered during discovery. Plaintiff has identified 12 witnesses in its RCFC 26 disclosures. In addition, in its responses to the United States' interrogatories, Plaintiff identified over 100 individuals from 37 different entities who may have been involved with the Misoxer and Pond LILO transactions at issue. Through review of the documents produced by Plaintiff and third-parties, the United States has been able to significantly limit this potential number of deponents to those it believes played a more substantial role in the transactions and are likely to have relevant and discoverable information. It is anticipated that several of these depositions, . . . (*continued*)

2. The parties will simultaneously exchange all expert reports on November 14, 2008. The parties will simultaneously exchange all expert rebuttal reports December 15, 2008. All expert discovery, including all expert depositions, shall end on January 21, 2009.

3. The parties will attempt to prepare a comprehensive stipulation of facts by February 20, 2009. If the parties are unable to reach a stipulation of facts, the parties will inform the Court by that date.

**APPROPRIATENESS OF SUMMARY JUDGMENT**

The parties do not agree on a remaining schedule and activities. The government presently intends to file a motion for summary judgment that would resolve this case in its entirety. Plaintiff would oppose that motion and would not cross move. In an effort to prevent the United States from filing its dispositive motion at all, Plaintiff has refused to engage regarding a workable briefing schedule. For the following reasons, the United States believes that providing dates for summary judgment briefing is appropriate:

---

while necessary, will not require the full allotment of time permitted in RCFC 30(d)(2) and will focus on discrete issues in the case. Further, because several of the key individuals involved in the transactions are no longer employed by or associated with the entities that participated in the transaction, the United States anticipates needing to take both individual depositions of those former employees as well as 30(b)(6) depositions of the entities to gain a complete understanding of the transaction. The United States has scheduled the first of these depositions to begin in July. These depositions were scheduled to allow third parties, including those who requested the protective orders recently entered by this Court, sufficient time to produce documents necessary for the depositions. The United States anticipates completing all of these depositions prior to the proposed September 30, 2008 deadline.

[2] The United States will be filing a motion to compel with respect to certain privilege claims asserted by Plaintiff. As explained in its original Motion for Extension of Time, the United States first needs to depose members of the law firms who drafted the documents. The law firms asked for an extension of time to produce documents that were originally scheduled to be produced on May 30, 2008. Once the United States obtains those documents in the next few weeks, it will move forward with the necessary depositions and file its motion shortly thereafter. The United States will move forward with the remaining fact discovery under this proposed schedule and anticipates completing all depositions within that time period. However, in the event that the Court rules in favor of the United States' on its motion to compel, the United States may need additional time to complete limited discovery by way of depositions on the topics on which Plaintiff is currently asserting a privilege. The United States informed Plaintiff of this issue during its discussions concerning the proposed schedule herein.

As of the date of this filing, three federal trial courts and one court of appeals have disallowed deductions claimed in connection with abusive leasing transactions of the type purchased by Plaintiff. *BB&T Corp. v. United States*, 523 F.3d 461, 465 (4th Cir. 2008); *Fifth Third Bancorp & Subsidiaries v. United States*, Case No. 1:05-cv-350 (Southern District of Ohio); *AWG Leasing Trust v. United States*, Case No. 1:07-CV-8572008, 2008 WL 2230744 (N.D. Ohio May 28, 2008).[3] In these cases, the courts have unanimously concluded that the circular debt incurred to finance this type of transaction does not match the substance of the transaction and have disallowed the interest deductions. In *BB&T*, decided on cross-motions for summary judgment, the court concluded that the overall transaction was a loan and not a lease, disallowing the claimed rent deductions under the substance over form doctrine. The court in *AWG* reached a similar conclusion after trial with respect to another similar type of leasing transaction. Finally, in *Fifth Third*, a jury concluded that the LILO transactions at issue in that case lacked economic substance apart from the tax benefits generated by deductions, and consequently, that claimed rent and interest amounts were not deductible.

Plaintiff's LILO transactions are fundamentally indistinguishable from those in the prior cases, both in terms of their overall substance and the functional effect of their contrived mechanisms.[4] In both *BB&T* and *Fifth Third*, the United States filed motions for summary judgment. The courts' rulings in both cases demonstrate the need to allow for summary

---

[3] In addition, there are cases pending in the Court of Federal Claims and the Southern District of New York. *Consol. Edison, Inc. & Subsidiaries v. United States*, Case No. 06-305 (Fed. Cl.); *Altria Group, Inc. v. United States*, Case No. 06-9430-RJH (S.D.N.Y.). These cases will likely have been decided prior to the briefing on summary judgment proposed by the United States and would provide relevant authority for the Court in ruling on such a motion.

[4] In fact, the evidence uncovered by the United States to date indicates that both of Plaintiff's LILO transactions match in all material respects the description of a "typical LILO" contained in the Fourth Circuit's opinion in *BB&T*, which affirmed a grant of summary judgment in favor of the United States. *See BB&T Corp. v. United States*, 523 F.3d 461, 464-65 (4th Cir. 2008).

judgment briefing in the pre-trial schedule. First, the district court in *BB&T* granted the United States' motion for summary judgment, because the substance of the plaintiff's transaction did not comport with its form and the circular debt was not valid. The Fourth Circuit affirmed this ruling. Second, while in *Fifth Third* the district court denied the United States' motion, it did so based on the lack of a detailed stipulation between the parties. The parties in this case have already agreed to work towards providing this Court with a detailed stipulation of facts by February 20, 2009. As a result, relying on the logic of *BB&T* and *Fifth Third*, the case is an appropriate one for consideration on summary judgment.[5] Further, the issues that will be presented on summary judgment would dispose of the entire case, and would not be an instance of simply narrowing the issues for trial. Because summary judgment would dispose of the entire case, it would promote an efficient resolution of the case and possibly avert the need for trial.

As a result of the above discussion, the United States proposes the following remaining schedule:

4. The deadline for filing motions for summary judgment is March 20, 2009. Any opposition to such motion for summary judgment shall be filed by April 24, 2009, and any reply to such opposition shall be filed by May 15, 2009.[6]

5. The final pre-trial conference shall be held on August 17, 2009. All pre-trial filings shall be in accordance with Appendix A to the Rules of the Court of Federal Claims.

6. Trial, if necessary, shall begin on August 24, 2009 and is expected to last four weeks.[7]

[5] Further, in *Altria Group, Inc. v. United States*, Case No. 06-9430 (SDNY), the parties have filed cross-motions for summary judgment. These motions are currently pending before the court.

[6] In the alternative, the United States requests that the Court not set a trial date. But, instead, set a status conference for shortly after the submission of the joint stipulation of fact to further discuss the appropriateness of providing for summary judgment. However, the United States believes that its position will not change.

[7] The United States anticipates the use of the electronic presentation of evidence and requests that the trial be held in one of the designated Electronic Courtrooms described in USCFC Guidance on Use of Courtroom Technology Equipment (July 7, 2005).

Respectfully submitted this 18th day of June, 2008.

/s/ Joseph A. Sergi
Joseph A. Sergi
Attorney of Record
U.S. DEPARTMENT OF JUSTICE
Post Office Box 26, Ben Franklin Station
Washington, D.C. 20044
Tel. (202) 616-3448
Fax: (202) 307-0054
Joseph.A.Sergi@usdoj.gov

Nathan J. Hochman
Assistant Attorney General
David Gustafson
Chief, Court of Federal Claims Section

/s/ Steven I. Frahm
Steven I. Frahm
Assistant Chief, Court of Federal Claim Section

David N. Geier
Adam R. Smart
Caroline A. Newman
Trial Attorneys, Tax Division