**No. 06-587**
**(Judge Loren A. Smith)**

---

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

---

**UNIONBANCAL CORPORATION & SUBSIDIARIES,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

---

# DEFENDANT'S MOTION FOR PROTECTIVE ORDER

---

**NATHAN J. HOCHMAN**
***Assistant Attorney General***

**DAVID GUSTAFSON**
**STEVEN I. FRAHM**
**JOSEPH A. SERGI**
**DAVID N. GEIER**
**ADAM R. SMART**
**CAROLINE A. NEWMAN**
***Attorneys***
***Tax Division***
***Department of Justice***
***Washington, D.C. 20044***
**(202) 305-0868 (telephone)**
**(202) 307-0054 (facsimile)**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

QUESTION PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. The United States' Interests in Non-Disclosure of the Requested Information . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

B. Plaintiff's Interests in Disclosure of the Requested Information . . . . . . . . 7

C. Relevance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

TABLE OF AUTHORITIES

**FEDERAL CASES**

*Acord v. United States*, 92 F.R.D. 355 (E.D. Mo. 1981) . . . . . . . . . . . . . . . . . . . . . . . . 10

*BB&T Corp. v. United States*, 523 F.3d 461 (4th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . 5

*Int'l Bus. Machs. Corp. v. United States*, 343 F.2d 914 (Ct. Cl. 1965), *cert. denied*, 382 U.S. 1028 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Int'l Paper Co. v. United States*, 36 Fed. Cl. 313 (1996) . . . . . . . . . . . . . . . . . . . . . . 8, 10

*Marriott Intern. Resorts, L.P. v. United States*, 61 Fed. Cl. 411 (2004) . . . . . . . . . . . . 8–9

*Pikes Peak Family Housing, LLC v. United States*, 40 Fed. Cl. 673 (1998) . . . . . . . . . . . 3

*Simons-Eastern Co. v. United States*, 55 F.R.D. 88 (N.D. Ga. 1972) . . . . . . . . . . . . . . . . 3

*United States v. Nordberg*, No. 93-12681, 1996 WL 170119 (D. Mass. Apr. 8, 1996), *aff'd*, 97 F.3d 1445 (1st Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10–11

**DOCKETED CASES**

*Consol. Edison & Subsidiaries v. United States*, No. 06-305 (Fed. Cl. filed June 11, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

*Fifth Third Bancorp v. United States*, No. 05-350 (S.D. Ohio filed May 19, 2005) . . . . 10

*Mayer, Brown, Roe & Maw, LLP v. Internal Revenue Serv.*, No. 04-2187 (D. D.C. filed Dec. 17, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3–6, 9

**FEDERAL STATUTES**

5 U.S.C. § 552 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5 U.S.C. § 552(b)(7)(E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**REGULATORY MATERIALS**

Section 467 Rental Agreements, 61 Fed. Reg. 27834-01 (proposed June 3, 1996) . . . . . 9

## COURT RULES

Court of Federal Claims Rule 26 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

**No. 06-587**
**(Judge Loren A. Smith)**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**UNIONBANCAL CORPORATION & SUBSIDIARIES,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Plaintiff seeks the disclosure of redacted portions of the Internal Revenue Service's Coordinated Issue Program Appeals Settlement Guidelines for Lease-in/Lease-out Transactions, UIL 9307-07-00 (February 23, 2004) ("Appeals Settlement Guidelines"). The information contained in the Appeals Settlement Guidelines is not relevant to the determination of whether Plaintiff is entitled to the tax benefits it has claimed. In addition, disclosure of this highly confidential information would be unfairly prejudicial to the Government's efforts to enforce the law and to challenge the large tax deductions claimed in these tax shelters. The Government has attempted in good faith to resolve the disclosure issues with Plaintiff, but the attempt was unsuccessful. The Court's assistance is therefore essential. In support of its motion, the Government respectfully submits the following:

**QUESTION PRESENTED**

Whether the Government is entitled to a protective order to prevent the disclosure of redacted portions of the Appeals Settlement Guidelines where disclosure would be unfairly prejudicial to the Government's tax shelter enforcement efforts and the information sought is not relevant and beyond the scope of permissible discovery.

**SUMMARY OF ARGUMENT**

Plaintiff is not entitled to the unredacted final version of the Appeals Settlement Guidelines it has sought in discovery. Disclosure of the Appeals Settlement Guidelines would be unfairly prejudicial to the Government because it would frustrate the Government's law enforcement efforts. Further, the information sought by Plaintiff is beyond the scope of permissible discovery because the Appeals Settlement Guidelines are not relevant in this de novo proceeding to whether the statutes and judicial authority entitle Plaintiff to the tax benefits it has claimed.[1]

**BACKGROUND**

On April 22, 2008, Plaintiff served the following document request:

> REQUEST NO. 13: All unredacted copies of the Coordinated Issue Program Appeals Settlement Guidelines for Lease-in/Lease-out (LILOS), UIL 9307-07-00, dated February 23, 2004.

The Government's responses were served June 26, 2008, and it objected to Request No. 13 as follows:

---

[1]Plaintiff has indicated that it obtained redacted copies of the final version of the Appeals Settlement Guidelines as well as certain unredacted versions of drafts of the Appeals Settlement Guidelines outside the course of this litigation. Although Plaintiff now claims the Appeals Settlement Guidelines are relevant, it did not identify these documents in its Rule 26 disclosures, nor has it produced the documents to the Government in response to discovery requests.

United States Response to Request No. 13:

> The United States objects to this request for reasons set forth in its general objections. In particular, all drafts of the documents covered by this request are protected from disclosure by the executive privilege. Further, the United States notes that the protected status of both the drafts and final version of the requested document has been confirmed in both the context of a refund suit in this same Court involving a LILO transaction, captioned *Consol. Edison & Subsidiaries v. United States*, 06-305 (Fed. Cl. filed June 11, 2007), as well as in an action brought under the Freedom of Information act by counsel for the Plaintiff in the United States District Court for the District of Columbia and captioned *Mayer, Brown, Roe & Maw, LLP v. Internal Revenue Serv.*, No. 04-2187 (D. D.C. filed Dec. 17, 2004). In the Court of Federal Claims Action, the Court, after in camera review of the document sought in the instant request, issued a protective order. In the action in the District Court for the District of Columbia action, the court, after in camera review of the document sought in the instant request, held that if the document, or a draft thereof, was disclosed "the government's enforcement objectives would be impeded" and would create a risk of "circumvention of the law." *Id.* Thus, disclosure of the requested documents would be highly prejudicial to the United States.
>
> The United States further objects on the basis that the requested documents are immaterial to the instant action, not likely to lead to admissible evidence, and, moreover, are administrative in nature and irrelevant to the resolution of this *de novo* proceeding. Given the privileged and protected nature of the requested documents, and their lack of relevance to the instant matter, the United States is not producing the requested information.

## ARGUMENT

"[T]rial courts . . . have broad powers to regulate or prevent discovery and such powers have always been freely exercised." *Simons-Eastern Co. v. United States*, 55 F.R.D. 88, 89 (N.D. Ga. 1972). "[U]nder RCFC 26 and its counterpart, Federal Rules of Civil Procedure 26, courts resolve discovery disputes not on the basis of bright-line rules, but rather, by employing a flexible balancing analysis," whereby the need for discovery is balanced against the harm, prejudice, and burden to the other party. *Pikes Peak Family Housing, LLC v. United States*, 40 Fed. Cl. 673, 683 (1998). The balance of the considerations here strongly favors granting the Government a protective order to prevent the disclosure of the redacted portions of the Appeals Settlement Guidelines.

A. The Government's Interests in Non-Disclosure of the Requested Information.

Plaintiff's counsel, Mayer Brown LLP ("Mayer Brown"), has twice unsuccessfully litigated the disclosure of the Appeals Settlement Guidelines—once before this very Court in another refund suit involving a lease-in/lease-out ("LILO") transaction, and once before the United States District Court for the District of Columbia in a suit brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. *See Consol. Edison & Subsidiaries v. United States*, No. 06-305 (Fed. Cl. June 11, 2007) (Dkt. #18, 38); *Mayer, Brown, Rowe & Maw, LLP v. Internal Revenue Serv.*, No. 04-2187 (D. D.C. Dec. 17, 2004) (Dkt. #51). In *Consolidated Edison*, the Court of Federal Claims recently granted the Government's Motion for Protective Order, which concerned the identical request for production here, based on the same arguments contained in the instant Motion.[2] *See Consol. Edison*, No. 06-305 (Dkt. #38). Likewise, the United States District Court for the District of Columbia recently held that the information in the Appeals Settlement Guidelines is protected and cannot be disclosed because, as discussed more thoroughly below, disclosure would allow taxpayers to unfairly use this information to the detriment of legitimate law enforcement objectives. *See Mayer, Brown, Rowe & Maw, LLP*, No. 04-2187 (Dkt. #51) (a copy of the order is attached hereto as Exhibit 1). Plaintiff's attempt to yet again seek this information implicates the same issues and, accordingly, the need for a protective order.

The need for a protective order is obvious when one examines the type of information contained in the Appeals Settlement Guidelines and how it relates to legitimate Internal Revenue Service ("IRS") enforcement activities. The Appeals Settlement Guidelines contain IRS settlement

[2]The Court did order the release of two limited portions (which were disclosed to Plaintiff in that case and are in possession of Plaintiff's counsel here) and which had essentially already been released in other unredacted portions of the publically available version of the Appeals Settlement Guidelines.

strategies and objectives, assessments of litigation hazards and acceptable settlement ranges. *See* Exhibit 1. In general, Appeals Settlement Guidelines set parameters by which IRS appeals officers enforce tax laws with respect to taxpayers engaged in particular transactions covered by the guidelines. *See* 2d Lambert-Dean Decl. ¶ 13, filed in *Mayer, Brown, Rowe & Maw, LLP* (a copy of the declaration is attached hereto as Exhibit 2). While in 2004 Congress eliminated the tax benefits for those subsequently entering into LILO transactions, there are still active settlement discussions ongoing between the IRS and taxpayers who engaged in LILO transactions prior to that time.[3] *See* Exhibit 2. As of February 15, 2006, the total tax at issue in the more than fifty LILO transactions pending in IRS Appeals offices was $1.5 billion. *Id.* In addition, as of that same date there were more than a dozen LILO cases open in the IRS's compliance function with an estimated total tax at issue of almost $1.2 billion. *Id*. Finally, and also as of that date, the Appeals Division of the IRS estimated that approximately 80% of the affected LILO taxpayers had not yet resolved their tax liabilities. *Id*. The Government calculates that presently, billions of dollars are at stake in disputes over LILO Transactions. *See* Press Release, U.S. Dept. of Justice, Ohio Jury Finds Cincinnati-Based Bank Not Entitled to $5.6 Million Tax Refund (April 23, 2008) (a copy of which is attached hereto as Exhibit 6). There are currently five LILO cases pending in the federal courts[4]

---

[3]In fact, the Government is aware that the plaintiff in the *Consolidated Edison* case has been recently involved in settlement discussions with the IRS concerning its involvement in LILO transactions during tax years not at issue in that suit.

[4]In one of those cases, *BB&T Corp. v. United States*, 523 F.3d 461 (4th Cir. 2008), the Fourth Circuit recently affirmed the trial court's grant of summary judgment in favor of the Government on the theory that the LILO transaction's substance did not match the form chosen by the participants. On June 27, 2008, the Fourth Circuit denied the taxpayer's petition for rehearing and rehearing en banc. *BB&T Corp. v. United States*, No. 07-1177, slip op. at 1 (4th Cir. June 27, 2008). In another, *Fifth Third Bancorp v. United States*, No. 05-350 (S.D. Ohio filed May 19, 2005), a jury just recently rendered a verdict in favor of the Government finding that the LILO transactions at issue in that case lacked economic substance. Judgment has yet to be entered and the plaintiff in that case has moved to set aside the verdict.

and Plaintiff's counsel is the counsel of record in the two that are pending in this Court (which includes this case).

Disclosing the withheld information contained in the Appeals Settlement Guidelines would have a very real, immediate, and detrimental impact upon the Government's ability to negotiate settlements in open LILO cases. *Id*. The disclosure of approved settlement ranges and hazard assessments to those taxpayers involved in LILO transactions would result in according those taxpayers an unfair advantage in the settlement process to the detriment of the public fisc. *Id*. Likewise, disclosure might give an unfair advantage to taxpayers in deciding whether to come forward and identify themselves as entities that engaged in prohibited LILO transactions. *Id*. Further, disclosure of the redacted portions of the Appeals Settlement Guidelines could prejudice the agency's interests in identifying which of the outstanding cases it should litigate. *Id.* Finally, as soon as the IRS or Congress takes action to halt one abusive tax avoidance scheme, taxpayers generally will attempt to morph their transactions in such a way as to create another. *Id*. Disclosure of the redacted information contained in the Appeals Settlement Guidelines would unfairly tip the balance in favor of those taxpayers who are attempting to circumvent the law by continuing to engage in activities which the IRS has clearly signaled it considers illegal. *Id.*

The United States District Court for the District of Columbia recognized these significant considerations when it ruled in favor of the IRS and prohibited the disclosure of the Appeals Settlement Guidelines. *See* Exhibit 1. The court held that the redacted information in the Appeals Settlement Guidelines was protected from disclosure under 5 U.S.C. § 552(b)(7)(E), the Law

Enforcement Exception to FOIA.[5] *Id*. In holding that the information would not be disclosed, the Court agreed with the Government that disclosure of the redacted information would allow taxpayers to unfairly use this information to their advantage and to the detriment of the Government's law enforcement objectives. *Id.* Given the Government's significant interest in enforcing the Internal Revenue Code in a consistent manner among all taxpayers, this type of disclosure is the hallmark of unfair prejudice. If taxpayers knew how IRS personnel gauged the strength of its positions and the amounts at which the Service were willing to settle cases, they would have an unfair advantage in the negotiation process. Moreover, a taxpayer would have the ability to calculate at what point "crime pays"—in other words, at what point it pays to invest in a shelter even knowing that it will have to return some of the tax savings in a settlement with the IRS.

B. <u>Plaintiff's Interests in Disclosure of the Requested Information</u>.

Although Plaintiff has not articulated a specific interest it has in disclosure of the Appeals Settlement Guidelines in this case, Mayer Brown has previously argued that it needed the information to prepare another LILO case for trial. To wit, Mayer Brown has asserted that the Government is "in possession of information that would demonstrate that the transaction at issue is not an abusive tax shelter." *See* Dec. 7, 2006 correspondence (a copy of the relevant excerpt is attached hereto as Exhibit 3). This is incorrect.

Whether Plaintiff's LILO transaction is an abusive tax shelter depends on the facts of the transaction and the applicable law. Plaintiff has not suggested that the Appeals Settlement Guidelines contain any facts regarding its LILO transactions. The Appeals Settlement Guidelines

---

[5]The court in *Mayer, Brown, Rowe & Maw, LLP* also recognized that similar types of general criteria used by the IRS in determining when to undertake compliance activity has also consistently been protected from discovery because its disclosure would enable taxpayers to unfairly ensure a low risk of enforcement activities. *See* Exhibit 1.

contain the IRS's analysis and opinion of the law, but it is not an independent source of law. Plaintiff has the burden of proof to establish that it is entitled to the tax treatment it claimed for the LILO transactions, and the views of IRS personnel do not establish the law and are not relevant evidence to meet Plaintiff's burden. *Int'l Paper Co. v. United States*, 36 Fed. Cl. 313, 320 (1996) (noting that the views of the Commissioner are "irrelevant and entitled to no evidentiary weight" in "the de novo nature of tax refund proceedings in the Court of Federal Claims").

In a telephone conference with the Government, Mayer Brown previously contended that because the unredacted portions of the Appeals Settlement Guidelines cite to a revenue ruling (among other legal authority), it is entitled to discover the redacted portions of the Appeals Settlement Guidelines. In support of this position, it appeared to rely on a line of cases that allow discovery of materials underlying a revenue ruling when the court will have to evaluate different interpretations of law that have been applied at different points in time. *E.g, Marriott Int'l Resorts, L.P. v. United States*, 61 Fed. Cl. 411, 415–16 (2004). That line of cases has no application here.

First, in *Marriott*, the discovery of information, which the Court acknowledged was of limited relevance, was allowed only because Marriott argued that the information was "necessary to shed light on the IRS's interpretation of the relevant statute and to show how that interpretation changed with time" to the detriment of Marriott. *Id.* at 414. That is not the factual situation here. Second, the materials sought here are not the same kind as those at issue in *Marriott*. In *Marriott*, the taxpayer sought all documents relied upon by the IRS in formulating its position with respect to a particular revenue ruling. *Id*. at 414. By contrast, the Appeals Settlement Guidelines sought here do not underlie a revenue ruling but merely refer to one. Indeed, the Appeals Settlement Guidelines, unlike the documents sought in *Marriott*, could not have been relied upon by the IRS

in formulating its position with respect to the revenue ruling since they were issued two years *after* the revenue ruling.[6] As such, the Appeals Settlement Guidelines are very different than the materials sought in *Marriott*.

Plaintiff 's counsel has also claimed that the Appeals Settlement Guidelines are discoverable because they are "inconsistent with the United States' litigating position in this case." *See* Exhibit 3. This is incorrect. First, unlike the taxpayer in *Marriott*, Plaintiff makes no allegation that the IRS has taken a position inconsistent with well established law or longstanding practice upon which Plaintiff detrimentally relied in its decision to enter into the transaction. *See id.* at 414. Second, more than a year before Plaintiff entered into the LILO transactions at issue, the IRS published proposed rules that rendered the tax treatment sought by Plaintiff invalid in all LILO transactions. *See* Section 467 Rental Agreements, 61 Fed. Reg. 27834-01 (proposed June 3, 1996). Thus, there is no inconsistent position.[7]

Also unlike *Marriott*, Plaintiff cannot claim that it relied on information provided by the IRS that is inconsistent with the Government's current position. The Government is in possession of documents indicating that Plaintiff received numerous opinions from tax counsel evaluating the likelihood that the IRS would declare the particular LILO transactions invalid as abusive tax shelters and the extent to which the IRS could support such a claim under the law as it stood prior to the

---

[6]The Appeals Settlement Guidelines, an internal IRS document, was, as acknowledged by Plaintiff's own Request for Production, issued in February 2004, *over five years after Plaintiff entered into the instant transactions*. It is unclear how internal IRS settlement information created over five years after Plaintiff entered into the instant LILO transactions (and outside the tax years at issue) has any bearing on Plaintiff's burden to demonstrate whether the transactions at issue are valid under established case law, especially where Plaintiff had long been aware that it was the IRS's position that rent and interest deductions sought in this refund suit would not be permitted.

[7]Even if the Department of Justice adopted a position in litigation inconsistent with a legal conclusion previously expressed by the IRS, the inconsistency does not entitle Plaintiff to tax benefits otherwise unavailable under the law. Plaintiff's inquiry regarding an inconsistency is irrelevant and cannot entitle them to the redacted portions of the Appeals Settlement Guidelines.

publication of the Final Regulations. In fact, Plaintiff was well aware of the suspect nature of the transactions at issue; it has indicated that the tax risks in the transactions were "at the high end of the spectrum of investments" that Plaintiff would enter. *See* UBP00035430 (excerpt from Credit Recommendation) (attached hereto as Exhibit 4). Moreover, Plaintiff did not enter into any further LILO transactions after implementation of the Final Regulations. Thus, given that it sought advice regarding the potential for audit of these transactions, Plaintiff cannot credibly argue that it relied on the Appeals Settlement Guidelines, that they are necessary to show an inconsistency in the IRS's position, or that a LILO is not considered an abusive tax shelter.[8]

C. Relevance.

In addition to the fact that the Government's interest in non-disclosure outweighs any interest Plaintiff has in disclosure, the Appeals Settlement Guidelines are beyond the scope of discovery because they are not relevant and would not lead to the discovery of admissible evidence. The IRS's treatment of the transactions similar to the one at issue here, including its treatment of the specific transaction itself, are simply not relevant to this Court's determination of the transaction's tax treatment in this *de novo* proceeding. *Int'l Paper Co.*, 36 Fed. Cl. at 320; *see also Int'l Bus. Mach. Corp. v. United States*, 343 F.2d 914, 919 (Ct. Cl. 1965) ("taxpayers can never avoid liability for a . . . tax by showing that others have been treated generously, leniently, or erroneously by the Internal Revenue Service—each individual must rest . . . on the validity of his own position, under the applicable taxing provision independently of the others"), *cert. denied*, 382 U.S. 1028 (1966); *United States v. Nordberg*, No. 93-12681, 1996 WL 170119, at *3 (D. Mass. Apr. 8, 1996) (noting

---

[8]In addition to the fact that Appeals Settlement Guidelines would not be relevant in the instant case, its production is not likely to lead to admissible evidence, as any further discovery engaged in by Plaintiff regarding the redacted materials, such as inquiry regarding the reasons for reaching the conclusions contained in the document, would concern deliberative process matters protected by the executive privilege. *See* Exhibit 1.

that if taxpayer's treatment of a particular item on its return was erroneous, the taxpayer is liable "regardless of what an IRS agent, at any time, might have thought"), *aff'd*, 97 F.3d 1445 (1st Cir. 1996) (a copy is attached hereto as Exhibit 5).[9] Thus, the information is beyond the scope of discovery as defined by RCFC 26(b). Plaintiff cannot meet its burden of establishing the validity of the transaction under established case and statutory law by relying on the opinions of IRS personnel. *See Int'l Paper Co.*, 36 Fed. Cl. at 320.

///

///

///

///

///

///

[9]Further, where, as here, there is no claim of disparate or arbitrary treatment by the IRS, but simply a refund claim, documents pertaining to internal IRS views of published rulings and information pertaining to how the IRS deals with other taxpayers are outside the scope of discovery. *Acord v. United States*, 92 F.R.D. 355, 357 (D. Mo. 1981).

**CONCLUSION**

For the reasons stated above, this Court should enter a Protective Order, providing that Plaintiff is not entitled to the discovery of the unredacted portions of the Appeals Settlement Guidelines sought in Request for Production Number 13.

Respectfully submitted,

s/ Joseph A. Sergi
JOSEPH A. SERGI
Attorney of Record
U.S. Department of Justice, Tax Division
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-0868
Facsimile: (202) 307-0054

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
DAVID N. GEIER
ADAM R. SMART
CAROLINE A. NEWMAN
Trial Attorneys

s/ David Gustafson
Of Counsel

July 3, 2008