# EXHIBIT 3

***Request for Production of Documents***

The United States' response to Request for Production No. 4, requesting a final version of the Appeals Settlement Guidelines, refers to *Mayer, Brown, Rowe & Maw LLP v. Internal Revenue Service*. That proceeding, commenced under the Freedom of Information Act ("FOIA"), does not provide a valid basis for the United States to refuse to produce the requested document. First, the Court's order of November 28, 2005 was predicated solely on FOIA Exemption 7(E). Mayer, Brown is not aware of any legal authority which would create an evidentiary privilege in litigation parallel to the exemption granted by 7(E). If the United States is aware of any such authority, we would appreciate it if you would identify it. In the absence of such authority, the United States should produce the final version of the Appeals Settlement Guidelines.

Second, while the United States' response alleges that "all drafts" are protected from disclosure by the deliberative process privilege, the final version of the Appeals Settlement Guidelines (the one Con Edison actually requested) would not be protected by the deliberative process privilege. The IRS conceded in the context of the *Mayer Brown* FOIA proceeding that the deliberative process privilege did not apply to the final version of the Appeals Settlement Guidelines and did not raise this issue. Thus, the sole basis for withholding the final version was Exemption 7(E), which, as stated above, does not represent a valid evidentiary privilege. In order to address potential concerns regarding the government's law enforcement objectives, Mayer, Brown is willing to enter into a protective order or similar arrangement regarding disclosure of the final version of the Appeals Settlement Guidelines.

Finally, the Appeals Settlement Guidelines are relevant to the pending case because the United States has characterized the transaction at issue an "abusive tax shelter." Mayer, Brown has reason to believe, based on the drafts of the Appeals Settlement Guidelines previously produced, that the United States is in possession of information which would demonstrate that the transaction at issue is not an abusive tax shelter. Furthermore, Mayer, Brown believes that the final version of the Appeals Settlement Guidelines is inconsistent with the United States' litigating position in this case. Therefore, Con Edison is entitled to production of the final version of the Appeals Settlement Guidelines under applicable discovery rules. *See* RCFC 26(b) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party....").

***Privilege Log***

The United States' privilege log does not provide Con Edison with sufficient information to determine whether the documents identified are protected under the privileges claimed. In particular, there are a number of individuals on the privilege log whose role has not been identified. The United States declined to answer Interrogatory No. 9, which asked it to identify