# EXHIBIT 6

# Department of Justice

**FOR IMMEDIATE RELEASE**
**MONDAY, APRIL 21, 2008**
**WWW.USDOJ.GOV**

**TAX**
**(202) 514-2007**
**TDD (202) 514-1888**

## OHIO JURY FINDS CINCINNATI-BASED BANK NOT ENTITLED TO $5.6 MILLION TAX REFUND

***Transactions That Fifth Third Bancorp Entered Into With Transit Authorities Were Improper Tax Shelters***

WASHINGTON – A jury in Cincinnati ruled on Friday that Fifth Third Bancorp is not entitled to a $5.6 million tax refund for its 1997 tax year, the Justice Department and the Internal Revenue Service (IRS) announced today. Fifth Third was seeking to take tax deductions that related to complex leasing transactions involving passenger rail cars.

The bank's subsidiary leased passenger rail cars from transit authorities in Massachusetts, France and Germany, and then leased them back to the transit authorities on the same day. In each case, the transit authorities continued to use the rail cars without interruption. The bank claimed that it was entitled to tax deductions for rent payments and for interest on financing loans.

The jury found that these paper transactions lacked economic substance, because there was no realistic chance for the bank to earn an economic profit apart from the tax benefits. As a result of the jury's finding, Fifth Third is not entitled to claim any deductions based on this scheme.

This type of leasing arrangement is commonly known as a Lease-In, Lease-Out or a LILO transaction. The government has prevailed in both of the LILO tax shelter cases that have been decided in court. A federal district court in North Carolina ruled in favor of the United States in January, 2007, in a LILO case brought by BB&T Corporation. Fifth Third was the first large, complex corporate tax shelter case tried by a jury.

Hundreds of LILO transactions were entered into by taxpayers in the late 1990s, and the Government calculates that billions of dollars are at stake nationwide in disputes over these transactions. In filings with the Securities and Exchange Commission, Fifth Third has disclosed that it is disputing with the IRS $900 million in tax deductions arising out of Fifth Third's participation in LILO or similar transactions.

"We are pleased that the jury saw these transactions for what they really were: tax shelter schemes dressed up as legitimate business deals," said Nathan Hochman, Assistant Attorney General of the Justice Department's Tax Division. "This verdict confirms that the government is on the right track with respect to its handling of the LILO cases. In the BB&T case, a trial judge said that LILOs lack substance and now a jury has said that they have no economic substance."

"This is a significant victory that continues to send an important message to corporations: they should not enter into transactions that lack economic substance," said IRS Commissioner Doug Shulman. "We will continue to vigorously target those taxpayers using or promoting abusive tax shelters. During the filing season that ended last week, millions of American taxpayers met their tax obligation, filing their returns on time and paying what they owe. They have a right to feel confident that when they pay what they owe, the IRS is there to make sure others, including corporations, do the same."

"The success in this case is due to the great teamwork by lawyers from both the Justice Department's Tax Division and our IRS Office of Chief Counsel," said IRS Chief Counsel Don Korb. "This is just the beginning of the enhanced collaboration between the Tax Division and the Office of Chief Counsel in litigating cases. This enhanced collaboration will be more and more evident in the coming months, and will, I believe, significantly increase the government's effectiveness in combating tax sheltering activity like the LILOs at issue in this case."

Hochman and Korb thanked the team who tried the case Michael W. Davis, Thomas P. Cole, Alan M. Shapiro, Karen A. Smith and Timothy R. Tripp of the Justice Department's Tax Division, and James E. Kagy and John M. Altman of the IRS's Office of Chief Counsel. They also thanked Diane R. Mirabito and Nancy B. Herbert, attorneys in the Office of Chief Counsel, and the other Justice Department and Internal Revenue Service employees who were involved in preparing the case for trial.

Finally, Korb noted that "this victory in court should persuade other taxpayers who have done these transactions to seriously consider coming in and discussing settlement of their cases with the IRS, as some already are doing even in advance of this decision. Since this case's clear affirmation of the government's position could lead to a hardening of the government's settlement position, taxpayers may now want to reevaluate their settlement posture in order to put these controversies behind them before that happens."

###

08-322