# In the United States Court of Federal Claims

Case No. 06-587 T
Filed: February 2, 2010
FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| UNIONBANCAL CORPORATION & SUBSIDIARIES, | |
| *Plaintiff,* | Summary Judgment; RCFC 56(1)(c); Denial; Questions of Fact Remain |
| v. | |
| THE UNITED STATES, | |
| *Defendant.* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*David F. Abbott*, Attorney of Record, Mayer Brown LLP, New York, NY, with whom were *Thomas C. Durham*, *Thomas Kittle-Kamp*, *Gary S. Colton, Jr.*, *Andrew W. Steigleder*, *Erin G. Gladney*, and *John A. Cise*, Of Counsel, Chicago, IL, for Plaintiff.

*Joseph A. Sergi*, Attorney of Record, with whom were *John A. DiCicco*, Acting Assistant Attorney General, *Steven I. Frahm*, *David N. Geier*, *Adam R. Smart*, and *Caroline A. Newman*, Attorneys, Tax Division, Department of Justice, Washington, D.C., for Defendant.

## OPINION and ORDER

**SMITH**, Senior Judge:

Plaintiff brings this action seeking a tax refund related to the denial of its claim for rent, interest expense, and transaction cost deductions arising from its participation in two transactions known as Lease In/Lease Out transactions (LILOs). Defendant has moved for summary judgment on two arguments. First, Defendant asserts that the Plaintiff is not entitled to the claimed tax deductions because Unionbancal Corporation (UBC) did not, in substance, acquire a present leasehold interest in either the Misoxer Facility (the Swiss hydroelectric plant) or the Pond (the Anaheim stadium). Second, Defendant argues that UBC did not incur genuine indebtedness in connection with these transactions.

In support of its argument that summary judgment is appropriate, Defendant claims that the following facts are undisputed: that during the tax years at issue UBC did not enjoy the benefits and burdens of a leasehold interest in the facilities; the owners of the facilities continued to operate the

facilities; in substance UBC had no debt or equity risk capital committed to or invested in the facilities; the agreements conferred rights and obligations to UBC but those rights and obligations were simultaneously conferred back to the facilities which thereby traveled on autopilot in a self-sustaining circle; the equity portion was placed in government securities; loan proceeds remained with the banks; and UBC was never liable to nonrecourse debt, and equity investment was never at risk.  Thus, Defendant argues that because there is no genuine issue of material fact, summary judgment may be granted.  RCFC 56(1)(c).

On the other hand, Plaintiff argues that there are still questions of fact, therefore, summary judgment is not appropriate.  Plaintiff argues that the leases themselves must be evaluated on their own facts so as to determine whether or not the transaction will qualify as a "true" lease under the IRS rules and guidelines.  Because of this, Plaintiff argues that the case must proceed to trial in order for the Court to determine whether a "true" lease existed or not.

The Court agrees with Plaintiff that summary judgment is not appropriate at this time.  The heart of the Government's denial of the tax deduction is that these are only form arrangements, and that the substance is really just a tax avoidance scheme without any economic reality. However, if that is the case, it is clear to the Court that it must look at the transactions and understand them to see if the Defendant's contention is true or not.  In this case, it is clear to the Court that the form is so complex that it is impossible at this point to reach a decision and that a trial is necessary in order to fully understand these transactions.

For these reasons, the Court hereby **DENIES** Defendant's Motion for Summary Judgment. The Court further schedules a status conference for Thursday, February 25, 2010 at 3:30 p.m. EST to discuss the next steps in this litigation.

**It is so ORDERED**.

 s/ Loren A. Smith
LOREN A. SMITH,
SENIOR JUDGE