# In the United States Court of Federal Claims

Case No. 06-587C
FOR PUBLICATION
FILED: June 9, 2010

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| UNIONBANCAL CORPORATION & SUBSIDIARIES, | * Motion to Stay, *Coast Fed. Bank v.* <br> * *United States*, 49 Fed. Cl.11,15 (2001), <br> * *Landis v. N. Am. Waterwork & Elec. Co.*, <br> *   299 U.S. 248, 254 (1936), *CMAX, Inc. v.* |
| *Plaintiff,* | * *United States*, 300 F.2d 265, 268 (9th Cir. <br> *   1962), Balancing Test |
| v. | * |
| THE UNITED STATES, | * |
| *Defendant.* | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*David F. Abbott*, Mayer Brown, LLP, New York, NY, with whom was *Andrew W. Steigleder,* Mayer Brown, LLP, Chicago, IL, for Plaintiff.

*Joseph A. Sergi*, Senior Litigation Counsel, with whom were *John A. DiCicco*, Acting Assistant Attorney General, *Steven I. Frahm*, Chief, Court of Federal Claims Section, *Adam R. Smart* and *Caroline A. Newman*, Trial Attorneys, United States Department of Justice, Tax Division, Washington, DC, for Defendant.

## OPINION and ORDER

**SMITH:** Senior Judge

     Before the Court is Defendant's Motion to Stay the Proceedings pending the outcome on appeal of *Wells Fargo & Co. v. United States*, 91 Fed. Cl. 35 (2010), *appeal docketed*, No. 2010-5108 (Fed. Cir. Apr. 16, 2010). Appellant's opening brief is presently due April 15, 2010. The appeal will present legal issues concerning the application of the substance-over-form and economic substance doctrines to sale-leaseback (SILO) transactions, which is a case of first impression for the Federal Circuit. Statistics from the Federal Circuit's website show that the median time from docketing to disposition, on the merits, is approximately ten months. *See* Federal Circuit Statistics, http://www.cafc.uscourts.gov/statistics.html (last visited June 4, 2010).

1

In reviewing whether to grant a motion to stay, "a court has broad discretion to stay proceedings before it." *Coast Fed. Bank v. United States*, 49 Fed. Cl. 11, 15 (2001). The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Waterwork & Elec. Co.*, 299 U.S. 248, 254 (1936). In making this determination, a court must exercise its judgment by considering the most orderly course of justice and the interests of the parties, weighing any competing interests. *Id*. at 255. The orderly course of justice and judicial economy is served when granting a stay simplifies the "issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. United States*, 300 F.2d 265, 268 (9th Cir. 1962).

Here, like the stay requested in *Landis,* is a request to stay further proceedings pending the resolution of an appeal in a separate case that addresses a similar issue. *See Landis,* 299 U.S. at 250-51. Defendant contends that the facts and legal issues found in the appeal of *Wells Fargo* are similar to the facts and legal issues found in the present case. Defendant asserts that the Federal Circuit's opinion in *Wells Fargo* will, at the very least, provide important guidance for the resolution of the legal standard to be applied in this case, and may even avoid the need for further litigation. Holding a trial prior to such guidance would be a waste of judicial and economic resources.

Plaintiff disagrees and opposes the Motion to Stay. Instead, Plaintiff argues that the Federal Circuit's decision in *Wells Fargo* will have little, if any, effect on the present case, and will not preclude the need for a trial in this matter. While Plaintiff agrees that some legal questions may be answered by the Federal Circuit, Plaintiff argues that it is uncertain as to when a decision will be forthcoming and that this eventual decision will not preclude a trial in this matter. Moreover, with the passage of time people's minds dull as to facts, and witnesses could become unavailable. In light of this, Plaintiff argues that the balance tips in its favor – that the prejudice to the Plaintiff outweighs the economic and judicial economy that might be saved.

In this case, the Plaintiff's ultimate issue is whether the lease-leaseback transactions (LILO) possess economic substance, and whether under the economic substance-over form analysis, Plaintiff acquired the benefits and burdens of ownership with respect to the property at issue. Turning to the *Wells Fargo* case, it appears that the issue presented in that case is similar to the issue here as almost the exact language is used in *Wells Fargo's* docketing statement at the Federal Circuit. The difference is that, in *Wells Fargo*, that case involved SILO transactions rather than the LILO transactions, which are at issue in this case. These transactions, although termed differently, present common issues. The issues involve the standards under which both the economic substance and substance-over-form doctrines should be applied to both SILO and LILO transactions. The Federal Circuit will describe those legal standards in the context of the SILO transactions in *Wells Fargo*. This Court will then assess, in light of that guidance, the extent to which the standards apply to the LILO transactions engaged in by the Plaintiff.

It is true that the Court does not know when the Federal Circuit will decide the *Wells Fargo* case; however, it only makes sense to obtain the guidance from the Federal Circuit's legal rulings and their application to a similar fact pattern and transactional structure before commencing with a lengthy, expensive trial.  The Federal Circuit's decision will most likely help clarify and simplify evidence to be presented at trial and will conserve judicial resources.  On average, the numbers show that the *Wells Fargo* case should be decided shortly after oral argument.  Hence, the present case should be ready to proceed to trial in less than a year from now.  Although the Court is sympathetic to Plaintiff's concern of dulling memories and the general harm that the passage of time has on a case, the Court holds that the shortness of this stay will allow for the efficient conservation of resources, which outweighs any potential prejudice to the Plaintiff.  In addition, the Court would be willing to consider any limited actions by the parties, during this interim, that would preserve memories or other resources useful for a possible or probable future trial that would not be unduly expensive or burdensome.

For the above reasons, the Court hereby **GRANTS** Defendant's Motion to Stay and the case is hereby **STAYED** until the disposition of the *Wells Fargo* case by the Federal Circuit.  The parties are **DIRECTED** to file a status report every ninety days from the date of this Order regarding the status of the *Wells Fargo* appeal.

**It is so ORDERED.**

 s/Loren A. Smith
LOREN A. SMITH,
SENIOR JUDGE