# In The United States Court of Federal Claims

No. 06-587T

(Filed:  December 22, 2011)

_____

UNIONBANCAL CORPORATION
& SUBSIDIARIES,

                Plaintiff,

      v.

THE UNITED STATES,

                Defendant.

_____

**ORDER**

_____

Plaintiff filed its original complaint on August 14, 2006, seeking a refund of taxes assessed by the IRS for years 1998 through 2002 related to two lease-in-lease-out (LILO) transactions.  One LILO involved plaintiff's 1998 investment in three hydraulic substations in Switzerland run by Misoxer Kraftwerke AG (the Misoxer transaction); the other involved plaintiff's 1999 investment in the Arrowhead Pond of Anaheim (the Pond transaction).  The court denied defendant's motion for summary judgment on February 2, 2010, and then stayed proceedings pending the Federal Circuit's decision in *Wells Fargo v. United States*, 641 F.3d 1319 (Fed. Cir. 2011).  Following a status conference on July 27, 2011, trial was set for March 12, 2012.  On October 25, 2011, plaintiff filed a motion for leave to file an amended complaint under RCFC 15 that would, if granted, effectively dismiss its tax refund claims related to the Misoxer transaction.  Defendant filed an opposition to the motion on November 14, 2011, and plaintiff filed its reply on November 22, 2011.

The Federal Circuit has made clear that a dismissal of only some of the claims in a complaint is governed exclusively by RCFC 15.  *See Chamberlain Group, Inc. v. Skylink Techs., Inc.*, 381 F.3d 1178, 1189-90 (Fed. Cir. 2004); *Gronholz v. Sears, Roebuck and Co.*, 836 F.2d 515, 517-18 (Fed. Cir. 1987); *see also Nilssen v. Motorola, Inc.*, 203 F.3d 782, 784 (Fed. Cir. 2000).[1]  Although RCFC 15(a) gives this court the discretion to grant freely a party leave to

_____

[1] The cited cases deal with Rule 15 of the Federal Rules of Civil Procedure, but, as noted by this court, "RCFC 15(a) is identical to Federal Rule of Civil Procedure 15(a) and case law

amend when justice so requires, this discretion is not without limitation.  In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court explained that a trial court should deny leave to amend the complaint in circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, futility of amendment." *See also Normandy Apartments, Ltd v. United States*, 100 Fed. Cl. 247, 258 (2011); *Principal Life Ins. Co. & Subs. v. United States*, 75 Fed. Cl. 32, 33 (2007).

Allowing Unionbancal to amend its complaint at this late stage of the proceedings would be an abuse of discretion.  Unionbancal had ample time to amend its complaint earlier in this case, but did not.  It appears that its decision not to pursue certain of its claims now is a strategic decision to concentrate its trial presentation on other claims.  The court sees no reason why plaintiff should be allowed to modify its litigation strategy at this very late stage, when trial is almost upon us.  Withdrawal of the claims in question, moreover, would be clearly prejudicial to defendant which, to date, has expended considerable resources in preparing to defend against them.

Based on the foregoing, the court **DENIES** plaintiff's motion for leave to file an amended complaint.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

construing the latter may be used to interpret the former." *Principal Life Ins. Co. v. United States*, 75 Fed. Cl. 32, 33 n. 1 (2007) (citing, *inter alia*, *Te-Moak Bands of W. Shoshone Indians of Nev. v. United States*, 948 F.2d 1258, 1260 n.4 (Fed. Cir. 1991)).