# In The United States Court of Federal Claims

No. 06-587T

(Filed: February 24, 2012)

_____

UNIONBANCAL CORPORATION
& SUBSIDIARIES,

                Plaintiff,

        v.

THE UNITED STATES,

                Defendant.

_____

**ORDER**

_____

On February 22, 2012, a pretrial conference was held in this case. Participating in the conference were David F. Abbott, on behalf of plaintiff, and Joseph A. Sergi, on behalf of defendant. Pursuant to the discussion, the court orders the following:

1. Trial in this case will commence at 10:00 a.m. (EST) on Monday, March 12, 2012, at the United States Court of Federal Claims, National Courts Building, Courtroom #5, 717 Madison Place, N.W., Washington, D.C. 2005. Subsequent days of trial will begin at 9:30a.m. (EST), unless otherwise ordered.

2. At the pretrial conference, the court resolved several motions *in limine*:

   a. The court granted defendant's motion *in limine*, filed January 13, 2012, thereby overruling plaintiff's categorical objections to defendant's trial exhibits related to the Misoxer Transaction.

   b. The court granted plaintiff's motion *in limine* of February 1, 2012, thereby overruling defendant's categorical objections to plaintiff's trial exhibits related to the post-bankruptcy restructuring of the Pond Transaction.

      c.    The court denied plaintiff's motion *in limine* of February 9, 2012, to exclude testimony of eight proposed defense witnesses.

3. In addition, the court indicated that it will grant plaintiff's motion to voluntarily dismiss its tax refund claims arising from the Misoxer Transaction when the parties provide proof that certain preconditions mandated by the court have been satisfied.

4. On or before March 5, 2012, the parties shall file a joint stipulation of undisputed facts. The court expects that stipulation to be extensive. Failure to file a sufficiently comprehensive stipulation will result in an order requiring the parties to re-file a revised stipulation that comports with the court's expectations.

5. Pursuant to 28 U.S.C. § 2503(b), all proceedings will be in accordance to the Rules of the Court of Federal Claims and the Federal Rules of Evidence. Parties should expect to object to and defend proffered evidence with reference to specific rules.

6. Regarding exhibits:

      a.    At the outset of trial, it is the court's intent to admit *en masse* any exhibits to which there are no objections. At that time, the court will rule on any objections to exhibits that do not require live testimony. Objections to exhibits that require live testimony will be considered at the appropriate time.

      b.    On or before March 9, 2012, the parties shall supply to chambers four CD-ROM sets containing pre-marked copies of electronic exhibits. All documents on the CD-ROM sets shall be bates-stamped or otherwise electronically marked to allow for ready identification of individual pages. The parties shall ensure that, prior to trial, the court has the software needed to view the exhibits on the CD-ROMs and shall, if necessary, provide a licensed copy of such software to the court for its use during the pendency of this case.

      c.    In addition, on the first day of trial, the parties shall supply two pre-marked copies of the hard copy exhibits they intend to offer in this case, the hard copies shall be in binders, with tabbed dividers between each individual exhibit-the spines of the binders shall indicate the exhibits contained therein in large-faced type.

      d.      The parties shall avoid submitting to the court duplicate copies of exhibits and shall endeavor to assure that their exhibits are consecutively numbered, with no numbers omitted.

7. Regarding witnesses:

      a.      The parties shall coordinate regarding the order of witness presentations, particularly in the calling of common witnesses.

      b.      Each party shall notify the other as soon as possible if a determination is made not to call someone on its witness list.

      c.      Based on the anticipated schedule, the parties are hereby instructed to have adequate witnesses available and prepared to testify on each day of trial, so as to ensure that each day of the trial proceedings is fully utilized.

      d.      Counsel are reminded of the court's expectation that the direct examination of witnesses shall be crisp and shall not unduly elicit information already in the record (e.g., stipulated matters).

8. The parties shall each have twenty minutes for opening statements. Plaintiff will go first, then defendant.

9. The court will require post-trial briefing in this case. The schedule for such briefing will be established at the conclusion of trial.

10. Counsel are reminded of the court's expectation that they will attempt to resolve as many matters as possible through cooperation.

**IT IS SO ORDERED.**

                                                  s/ Francis M. Allegra
                                                  Francis M. Allegra
                                                  Judge